UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

CASE NO.: 15-31017-BKC-PGH
Chapter 7

In Re:

CONRAD J. DESANTIS,

      Debtor.

_____/

## MOTION TO COMPROMISE CONTROVERSY BETWEEN TRUSTEE AND DEBTOR

> ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN TWENTY-ONE (21) DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM ATTACHED TO THIS MOTION. ANY SCHEDULED HEARING MAY THEN BE CANCELED.

Pursuant to F.R.B.P. 9019, Michael R. Bakst (the "Trustee"), as Trustee in Bankruptcy for Conrad J. DeSantis (the "Debtor"), through undersigned counsel, requests the Court to compromise a controversy between him and the Debtor, and in support states as follows:

1. The Debtor filed this voluntary chapter 7 bankruptcy proceeding on November 30, 2015 (the "Petition Date"). Michael R. Bakst has been appointed as the Chapter 7 Trustee.

2. On or about February 23, 2015, the Debtor traded in a 2007 Lexus LS460 which he owned individually and which had no lien, in exchange for a pre-paid, 36-month lease of a 2015 Cadillac ATS from Autonation Cadillac West Palm.

3. The Debtor's Lexus was traded-in at a value of $18,000, and the lease was fully prepaid in the sum of $19,509.57 net of rebates and other charges.

4. The Debtor contends the value of the Cadillac lease as of the Petition Date is $14,000. The Trustee believes the value of the Cadillac lease may be greater.

1

26205161.1

5. The Trustee believes this transaction may have been a fraudulent transfer under 11 U.S.C. § 548, and subject to avoidance under 11 U.S.C. § 550, for which, if pursued, the Trustee could obtain a recovery of approximately $18,000 or more. The Debtor does not agree.

6. In July of 2013, the Debtor transferred a 2006 Chrysler Crossfire to his daughter Gabrielle DeSantis in exchange for her promise to pay him $5,000 which she has not paid. The Debtor is in possession of the Chrysler and values it as of the Petition Date at $5,000. The Debtor and his daughter cannot locate the Chrysler's title. The Debtor has offered to turn the Chrysler over to the Trustee, or to pay the Trustee $5,000 and sell it himself or otherwise do with it what he wishes.

7. The Trustee and the Debtor seek to resolve these issues amicably. A copy of the fully executed Stipulation reflecting their settlement is attached as Exhibit "A" and everyone should read it because its terms control, not what this motion states about the Stipulation if there is any unintentional ambiguity, inconsistency, or contradiction. The Trustee has agreed to accept payment of a total sum of $21,500 to resolve both of these issues, with $5,000 attributable to the Chrysler, and $16,500 attributable to the Lexus trade-in/Cadillac lease value dispute. The Debtor will pay the total sum of $21,500 within ten (10) calendar days of the date of entry of the Order approving this Stipulation. If he defaults, the Trustee will administer both assets.

8. The appropriate test to evaluate a proposed settlement is "whether the compromise falls below the lowest point in the range of reasonableness." *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988). The Trustee believes that the settlement of the instant controversy is entirely reasonable. The Trustee would urge the Court to approve it. The Trustee believes that payment of $21,500 within 10 calendar days (no payment plan) of entry of the Order approving this Stipulation is an entirely reasonable sum to settle this matter given the costs, risk, inconvenience, delay, and difficulties associated with litigation or an auction sale. With respect to the Chrysler, the Trustee has used on-line sources to value it based on its VIN and has determined it is worth no more than $5,000. Accepting payment of $5,000 for the Chrysler avoids having to pay auction expenses which would be the responsibility of the estate, and whatever costs are required to reestablish its lost title. The Trustee believes $5,000 for the Chrysler represents receipt of its full value, if not more.

9. With respect to the Lexus/Cadillac dispute, the Trustee does not believe recovery of the value of setting aside the transfer of the Lexus would exceed $18,000 based on the Trustee's on-line investigation of the Lexus' worth at the time of the trade-in, and *not* accounting for the defects in

2

the interior which the Debtor testified about at his 2004 examination. Alternatively, the Trustee believes it would be difficult to sell his interest in the leased Cadillac and that the scheduled value of $14,000 is approximately accurate. The proposed settlement of $16,500 represents 91% of the highest recovery the Trustee believes is possible with regard to the Lexus/Cadillac dispute with no litigation costs or risks.

10. For these reasons, the Trustee urges the Court to accept this settlement. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable view in the premises. *In re Justice Oaks II, Ltd*, 898 F.2d 1544 (11th Cir. 1990). The Trustee has evaluated the settlement while considering all of these factors. The Trustee believes that the settlement is in the best interest of creditors and the estate.

11. Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), the Stipulation and the instant motion are being noticed to all creditors, the US Trustee, and the Debtor.

12. For the foregoing reasons, the Trustee requests the Court to approve the compromise between the Trustee and the Debtor. A proposed Order granting this Motion and approving the settlement and authorizing this payment is attached as Exhibit "B."

WHEREFORE the Trustee Michael R. Bakst respectfully requests that the Court enter an Order in the form accompanying this motion approving stipulation to compromise controversy, plus grant such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the parties listed below, and in the manner indicated on this 27th day of April, 2016.

**GREENSPOON MARDER, P.A.**

/s/ G. Steven Fender
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
G. STEVEN FENDER, ESQ.
Florida Bar No.: 060992
Attorneys for Trustee
525 Okeechobee Blvd., Suite 1570
West Palm Beach, FL 33401
(561) 838-4509
(561) 514-3409 (facsimile)
Email: steven.fender@gmlaw.com

**Electronic Mail Notice List**

- Alejandro R Alvarez    aalvarez@piedralaw.com, gkelly@piedralaw.com
- Michael R Bakst    efilemrb@gmlaw.com, FL65@ecfcbis.com;efileu1084@gmlaw.com;efileu1087@gmlaw.com;efileu1085@gmlaw.com;efileu1729@gmlaw.com
- Michael R. Bakst    efileu1094@gmlaw.com, FL65@ecfcbis.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;efileu1733@gmlaw.com;melissa.bird@gmlaw.com
- G Steven Fender    efileu1113@gmlaw.com, efileu1094@gmlaw.com;efileu1092@gmlaw.com;leslie.marder@gmlaw.com;efileu1435@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;gregory.stolzberg@gmlaw.com
- Robert C Furr    bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- John E Page    jpage@sfl-pa.com, scusack@sfl-pa.com;lrosettoparr@sfl-pa.com;dwoodall@sfl-pa.com;bshraibergecfmail@gmail.com;scusacksfl@gmail.com
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;lrosettoparr@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com;bshraibergecfmail@gmail.com;ematteo@sfl-pa.com

4

26205161.1

**Manual Notice List**

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

Conrad J. DeSantis
1125 Country Club Drive
North Palm Beach, FL 33408

**All creditors and interested parties on the Court matrix**

26205161.1

```
Label Matrix for local noticing          Cordell Funding, LLLP                     TD Bank, N.A.
113C-9                                   c/o Bradley S. Shraiberg                  Piedra & Associates, P.A.
Case 15-31017-PGH                        Shraiberg, Ferrara & Landau, P.A.         201 Alhambra Circle
Southern District of Florida             2385 NW Executive Center Dr., Ste 300     Suite 1200
West Palm Beach                          Boca Raton, FL 33431-8530                 Coral Gables, FL 33134-5111
Wed Apr 27 16:34:06 EDT 2016

ACAR Leasing LTD                         Alan K. Marcus Esq                        Autonation Cadillac West Palm
d/b/a GM Financial Leasing               Marcus Law Center                         2101 45th Street
POB 183692                               2600 Douglas Rd #1111                     West Palm Beach, FL 33407-3296
Arlington, TX 76096-3692                 Miami, FL 33134-6143


Autonation Cadillac West Palm Beach      Bank United                               Citi Card American Airlines Advantage
2101 45th St                             7815 NW 148 St                            Box 6062
West Palm Beach, FL 33407-3296           Hialeah, FL 33016-1554                    Sioux Falls, SD 57117-6062


Cordell Funding LLLP                     Cordell Funding LLP                       Cordell Funding, LLP
c/o Irwin Gilbert, Esq                   Irwin R. Gilbert, Esq                     c/o Shraiberg Ferrara Landau & Page, PA
1475 Centerpark Blvd #275                11000 Prosperity Farms Rd #205            2385 NW Executive Center Drive, Suite 30
West Palm Beach, FL 33401-7446           Palm Beach Gardens, FL 33410-3462         Boca Raton, Florida 33431-8579


Curtis Shenkman Esq.                     Dept. of Revenue                          Donald R. Smith Esq
Desantis Gaskil Smith Shenkman           Bankruptcy Section                        DeSantis Gaskill Smith & Shenkman
11891 US Hwy One, #100                   P.O. Box 6668                             11891 US Hwy One #100
North Palm Beach, FL 33408-2864          Tallahassee, FL 32314-6668                North Palm Beach, FL 33408-2864


Internal Revenue Service                 Irwin R. Gilbert, Esq.                    Kelley Kronenberg
POB 7346                                 1475 Centerpark Blvd #275                 1475 Centrepark Blvd #275
Philadelphia, PA 19101-7346              West Palm Beach, FL 33401-7446            West Palm Beach, FL 33401-7446


Law Star, LLC                            Office of the US Trustee                  Richman Greer PA
11891 US Hwy One #100                    51 S.W. 1st Ave.                          396 Alhambra Cir, 14th Floor
North Palm Beach, FL 33408-2864          Suite 1204                                Miami, FL 33134-5045
                                         Miami, FL 33130-1614


TD Bank                                  TD Bank                                   TD Bank, N.A.
2130 Centrepark West Dr                  PO Box 5600                               c/o Piedra & Associates, P.A.
West Palm Beach, FL 33409-6411           Lewiston, ME 04243-5600                   201 Alhambra Circle, Suite 1200
                                                                                   Coral Gables, Florida 33134-5111


Timothy W. Gaskill, Esq                  Conrad J. DeSantis                        Michael R Bakst
Desantis Gaskill Smith & Shenkman        1125 Country Club Drive                   P. O. Box 407
11891 US Hwy One, #100                   North Palm Beach, FL 33408-3717           West Palm Beach, FL 33402-0407
North Palm Beach, FL 33408-2864


Robert C Furr Esq                        Soneet Kapila
2255 Glades Rd #337W                     c/o Kapila & Company
Boca Raton, FL 33431-7379                1000 South Federal Highway
                                         Suite 200
                                         Fort Lauderdale, FL 33316-1237
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

End of Label Matrix
Mailable recipients    28
Bypassed recipients     1
Total                  29

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

CONRAD J. DeSANTIS,

CASE NO.: 15-31017-BKC-PGH
Chapter 7

Debtor.

_____/

## STIPULATION TO COMPROMISE CONTROVERSY

This Stipulation to Compromise Controversy (this "Stipulation") is entered into on the date set forth below between Michael R. Bakst (the "Trustee"), as Trustee in Bankruptcy for Conrad J. DeSantis (the "Debtor"), and the Debtor (the Trustee and the Debtor, collectively, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, this voluntary chapter 7 bankruptcy proceeding was filed on November 30, 2015 (the "Petition Date"). Michael R. Bakst has been appointed as the Chapter 7 Trustee.

WHEREAS, on or about February 23, 2015, the Debtor traded in a 2007 Lexus LS460 which he owned individually and which had no lien, in exchange for a pre-paid, 36-month lease of a 2015 Cadillac ATS from Autonation Cadillac West Palm.

WHEREAS, the Debtor's Lexus was traded-in at a value of $18,000, and the lease was fully prepaid in the sum of $19,509.57 net of rebates and other charges.

WHEREAS, the Debtor contends the value of the Cadillac lease as of the Petition Date is $14,000. The Trustee believes the value of the Cadillac lease may be greater.

WHEREAS, the Trustee believes this transaction may have been a fraudulent transfer under 11 U.S.C. § 548, and subject to avoidance under 11 U.S.C. § 550, for which, if pursued, the Trustee could obtain a recovery of approximately $18,000 or more. The Debtor does not agree.

1

EXHIBIT "A"

WHEREAS, in July of 2013, the Debtor transferred a 2006 Chrysler Crossfire to his daughter Gabrielle DeSantis in exchange for her promise to pay him $5,000 which she has not paid. The Debtor is in possession of the Chrysler and values it as of the Petition Date at $5,000. The Debtor and his daughter cannot locate the Chrysler's title. The Debtor has offered to turn the Chrysler over to the Trustee, or to pay the Trustee $5,000 and sell it himself or otherwise do with it what he wishes.

WHEREAS, the Parties seek to resolve these issues amicably.

## AGREEMENT

NOW, THEREFORE, in light of the foregoing, and in consideration of the mutual promises and covenants of the Parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The above recitals are true and correct and are incorporated herein.

2. <u>Consideration to the Trustee</u>: The Debtor shall pay to the Trustee the total sum of $21,500 for: (i) the Chrysler which the Parties value at $5,000, and (ii) $16,500 for the value of the Cadillac lease or the potential fraudulent transfer claim for the Lexus. The Debtor will pay the $21,500 to the Trustee within ten (10) calendar days of the date the Court enters its Order approving this Stipulation. The Debtor shall cause a check to be payable to "Michael R. Bakst, as Trustee in Bankruptcy for Conrad DeSantis" and deliver such check to Michael R. Bakst, Esq., City Place Tower, 525 Okeechobee Blvd., Suite 1570, West Palm Beach, FL 33401.

3. <u>Consideration to the Debtor</u>: The Order approving this Stipulation shall provide that upon the Trustee's receipt of the total sum of $21,500, the Debtor shall own free and clear of any claims of the Trustee the Cadillac lease and the Chrysler.

4. Upon the execution of this Stipulation, the Trustee shall file a motion to approve this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure with the Bankruptcy Court in the above referenced matter.

5. The Parties are aware that this Stipulation must be noticed to all creditors and must be approved by the Bankruptcy Court. Upon the Court approving this Stipulation, the Parties will ask the Bankruptcy Court to enter an Order approving it and reserving jurisdiction to

enforce this Stipulation. In the event that this Stipulation is not approved, it shall be deemed null and void.

## NO OTHER AGREEMENTS; MODIFICATION

6.     This Stipulation contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth herein. This Stipulation may be altered, amended, or modified only by an instrument in writing, executed by the Parties, with the same formality as this Stipulation, and by no other means. Each party waives any right to claim that this Stipulation was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

## APPLICABLE LAW

7.     All matters affecting the execution, interpretation, validity, and enforceability of this Stipulation shall be subject to, and interpreted under, Federal Bankruptcy Law, as well as the laws of the State of Florida to whatever extent Bankruptcy Law relies upon state law.

## NO PRESUMPTIONS ARISING FROM DRAFTING

8.     The fact that any draft of this Stipulation was prepared by counsel for one of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against that party. The Parties acknowledge that each has contributed toward the drafting of this Stipulation, and that it is the result of negotiations between the Parties.

## WAIVERS

9.     The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

## ADDITIONAL ACKNOWLEDGMENTS AND UNDERSTANDINGS

10.    The Parties acknowledge that each fully understands all of the terms and obligations of this Stipulation, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

3

11. The Parties enter into this Stipulation freely and voluntarily. Neither of the Parties have been the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

12. The Parties acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Stipulation, and they are also aware of what their rights would be in the absence of this Stipulation.

13. This Stipulation shall be binding upon the Parties hereto and shall also be binding upon and enure to the benefit of the heirs and successors of the respective Parties.

14. This Stipulation may be executed in two or more counterparts, including scanned email counterparts, none of which need contain signatures of all of the Parties, each of which will constitute an original, and all of which, taken together, shall constitute one and the same stipulation.

15. The date of this Stipulation is the date on which the last of the parties executes a copy of it.

## CAPTIONS

16. The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text, or intended to be referred to in construing any provision of it.

## INCORPORATION OF RECITALS

17. The recitals to this Stipulation are incorporated and accepted and agreed to by the Parties as though fully set forth in its body. The fact that a particular provision of the body of this Stipulation is not mentioned in the recitals shall not affect the validity or enforceability of such provision. The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the Parties and any other party bound by this Stipulation.

## NOTICES

18. Any notices required by this Stipulation must be given either in writing by email to the parties as follows:

4

To the Trustee:
G. Steven Fender, Esq.
200 E. Broward Blvd., Ste. 1800
Ft. Lauderdale, FL 33301
steven.fender@gmlaw.com

To the Debtors:
Marc P. Barmat, Esq.
2255 Glades Rd., Ste. 337W
Boca Raton, FL 33431
mbarmat@furrcohen.com

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this settlement agreement on the date specified below.

Date: April 27, 2016

By: _____
MICHAEL R. BAKST, AS TRUSTEE IN BANKRUPTCY FOR CONRAD J. DESANTIS
Michael R. Bakst, Trustee

Date: April 27, 2016

By: _____
G. STEVEN FENDER, ESQ., AS COUNSEL FOR THE TRUSTEE
G. Steven Fender, Esq.
Florida Bar No.: 060992
200 E. Broward Blvd., Ste. 1800
Ft. Lauderdale, FL 33301
Telephone: (561) 838-4543
Facsimile: (561) 514-3443
E-mail: steven.fender@gmlaw.com
*Attorneys for Trustee*

5

Date: April 26, 2016

MARC P. BARMAT ESQ., AS COUNSEL
FOR THE DEBTOR

By: _____
Marc P. Barmat, Esq.
Florida Bar No.: 022365
Furr & Cohen, P.A.
2255 Glades Rd., Ste. 337W
Boca Raton, FL 33432
Telephone: (561) 417-1567
Facsimile: (561) 338-7532
E-Mail: mbarmat@furrcohen.com
Counsel for the *Debtor*

Date: April 26, 2016

_____
Conrad J. DeSantis

26143982v1

6

PROPOSED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                      CASE NO.: 15-31017-BKC-PGH
                                            Chapter 7
CONRAD J. DeSANTIS,

         Debtor.
_____/

### ORDER GRANTING MOTION TO COMPROMISE CONTROVERSY

THIS MATTER having come before the Court in West Palm Beach, Florida, upon the Trustee's Motion to Compromise Controversy between the Trustee and the Debtor Conrad J. DeSantis (the "Debtor") (the "Motion.") [ECF ___]. The Court, having received the Trustee's Certificate of No Response, the Court having noted that the Trustee has complied with Local Rule 9013-1(D), the Court having noted that no objections have been timely served or filed to the stipulation and Motion, and the Court being otherwise fully advised in the premises it is,

**ORDERED AND ADJUDGED** as follows:

1.    The Motion is **GRANTED.**

1

EXHIBIT "B"

2. The Court hereby approves the Stipulation between the Trustee and the Debtor. The Court finds that the Stipulation is in the best interest of the creditors and the estate. The Stipulation's terms are incorporated by reference in this Order.

3. The Court finds that all creditors have been duly and properly noticed of the Motion, the Stipulation, and the proposed settlement.

4. The Debtor shall pay to the Trustee the sum of $21,500 within ten (10) calendar days of the date of this Order. Upon the Trustee's receipt of the $21,500 (and clearing Trustee's bank if not paid with certified funds), the Debtor shall own the Cadillac lease (VIN #1G6AB1RX9F0125787) and the Chrysler (VIN #1C3AN65L06X061347) free and clear of any claim of the Trustee or this bankruptcy estate.

5. If the Debtor does not timely pay the $21,500, then the Debtor shall turn over the Cadillac and all lease paperwork, and the Chrysler, along with all keys to each, to the Trustee on the 15th calendar day following entry of this Order.

6. The Court reserves jurisdiction over the parties and over the cause for the purposes of enforcing the terms and covenants contained within the Stipulation.

###

Submitted by:
G. Steven Fender, Esq.
200 E. Broward Blvd. Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (561) 838-4509
Email: steven.fender@gmlaw.com

**[G. Steven Fender, Esq., is directed to serve copies of this order on the parties listed below and to file a certificate of service with the Court.]**

Electronic Mail Notice List

- Alejandro R Alvarez   aalvarez@piedralaw.com, gkelly@piedralaw.com
- Michael R Bakst   efilemrb@gmlaw.com, FL65@ecfcbis.com;efileu1084@gmlaw.com;efileu1087@gmlaw.com;efileu1085@gmlaw.com;efileu1729@gmlaw.com
- Michael R. Bakst   efileu1094@gmlaw.com, FL65@ecfcbis.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;efileu1733@gmlaw.com;melissa.bird@gmlaw.com
- G Steven Fender   efileu1113@gmlaw.com, efileu1094@gmlaw.com;efileu1092@gmlaw.com;leslie.marder@gmlaw.com;efileu1435

@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;gregory.stolzberg@gmlaw.com
- Robert C Furr    bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- John E Page    jpage@sfl-pa.com, scusack@sfl-pa.com;lrosettoparr@sfl-pa.com;dwoodall@sfl-pa.com;bshraibergecfmail@gmail.com;scusacksfl@gmail.com
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;lrosettoparr@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com;bshraibergecfmail@gmail.com;ematteo@sfl-pa.com

**Manual Notice List**

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

Conrad J. DeSantis
1125 Country Club Drive
North Palm Beach, FL 33408

**All Matrix Creditors**