UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              CASE NO.: 15-31017-BKC-PGH
                                                    Chapter 7
CONRAD J. DESANTIS

       Debtor.
_____/

**DEBTOR'S RESPONSE IN OPPOSITION TO TRUSTEE'S OBJECTION TO EXEMPTIONS (DE #61) AND CREDITOR'S OBJECTION TO EXEMPTIONS (DE #70)**

       The Debtor, CONRAD J. DESANTIS, by and through undersigned counsel, hereby files this Response in Opposition to *Trustee's Objection to Exemptions* [DE #61] and Cordell Funding, LLLP's ("Creditor") *Objection to Exemptions* [DE #70], and as grounds set forth states as follows:

## Introduction

**Trustee's Objection to Exemptions**

    1.    On April 29, 2016, the Trustee filed his objection to exemptions [DE #61].

    2.    In the Trustee's objection to exemption, the Trustee objects to the Debtor's claim of a tenancy by the entireties ("TBE") exemption in Debtor's joint 40% interest in Law Star, LLC. The Trustee further states that the Debtor originally owned his interest in Law Star, LLC individually and thereafter transferred his interest to himself and his wife. Therefore, the Trustee argues the alleged transfer from the Debtor to the Debtor and his wife is avoidable pursuant to Florida Statues.

**Creditor's Objection to Exemptions**

    3.    On May 31, 2016, Creditor filed its objection to exemptions [DE #70].

    4.    In Creditor's objection to exemptions, Creditor objects to the Debtor's: (a) claimed TBE exemption regarding two Seacoast accounts; (b) claimed TBE exemption regarding his joint

1

ownership interest in Law Star, LLC; and (3) the Debtor's $25 constitutional exemption in his interest in CDSJ, Inc.

5. For the reasons set forth herein, the Debtor disputes the Trustee's and Creditors objections.

### Debtor's Joint 40% interest in Law Star, LLC is Appropriately Claimed as TBE Exempt

6. The Debtor claimed as TBE exempt his joint 40% ownership interest in Law Star, LLC, pursuant to 11 U.S.C. § 522(b)(3)(B).

**Law Star, LLC Ownership Certificates**

7. As of November 11, 2002, Conrad J. DeSantis was an owner of a 40% membership interest in Law Star, LLC. (*See Law Star, LLC Certificate No. 8 attached hereto as **Exhibit "A."***)

8. On November 11, 2008, Conrad J. DeSantis surrendered his 40% membership interest in Law Star, LLC. *(See Law Star, LLC Certificate No. 8 attached hereto as **Exhibit "A."***)

*9.* On November 11, 2008, "Conrad J. DeSantis and Patricia G. DeSantis, husband and wife, Tenants by the entirety," became an owner of a 40% membership interest in Law Star, LLC. *(See Law Star, LLC Certificate No. 9 attached hereto as **Exhibit "B."**)*

**The Unity of Time Was Met**

10. The Trustee and Creditor object to the debtor's claimed TBE exemption arguing the unity of time is not met as the Debtor and his wife's interest in Law Star, LLC did not commence simultaneously. In support of their argument, Creditor cites *In re Aranda*, 2011 WL 87237 (Bankr. S.D. Fla. Jan. 10, 2011) and *In re Shahegh*, 2013 WL 364821 (Bankr. S.D. Fla. Jan. 29, 2013). *Aranda* and *Shahegh* are distinguishable and inapplicable to the facts of this case.

11. In *Aranda*, the Debtor opened an individually owned bank account and later added his non-debtor spouse as a co-owner to the same bank account. Based upon these facts, the Court

determined that the unity of time was not present and therefore the bank account could not be TBE. *Aranda* at 3. The Court reasoned that the relevant time for establishing the unities of TBE ownership is when the Debtor opened the account, not when the Debtor and his spouse obtained their joint interest in the account. *Id.*

12. In this case, the objection relates to an ownership in an LLC, not a bank account. Accordingly, there is no account opening date. In this case, the Debtor's ownership interest in Law Star, LLC was surrendered on November 11, 2008, as evidenced by Certificate No. 8. The Debtor and his wife's joint TBE ownership in Law Star, LLC was established pursuant to a wholly separate LLC ownership certificate, i.e., Certificate No. 9. The Debtor's joint TBE ownership in Law Star, LLC, as evidenced by Certificate No. 9, is analogous to a Debtor closing his bank account and thereafter opening a new account in the name of the Debtor and his spouse. Accordingly, since Certificate No. 9 establishes a new ownership instrument, not an addition to a previous ownership instrument, the unity of time for establishing TBE ownership is met and the claimed joint TBE ownership of Law Star, LLC is appropriate.

13. For the same reasons that *Aranda* is distinguishable and inapplicable to the facts of this case, so too is *Shahegh*. In *Shahegh*, the Debtor purchased a Mercedes solely in his name and thereafter the title was re-issued in the name of the Debtor and his non-debtor spouse. In *Shahegh*, the Court relied upon the *Aranda* decision and found that "the Debtor's and the Spouse's interests in the vehicle (a) did not originate in the identical conveyance and (b) did not commence simultaneously." *Shahegh* at 2.

14. As stated above, in this case, the Debtor's initial ownership interest in Law Star, LLC was surrendered on November 11, 2008, as evidenced by Certificate No. 8. The Debtor and his spouse's joint TBE ownership in Law Star, LLC originated at the same time in the same LLC

3

ownership certificate, as evidenced by Certificate No. 9. The Debtor's joint TBE ownership in Law Star, LLC, as evidenced by Certificate No. 9, is analogous to a Debtor surrendering a vehicle in his own name and thereafter purchasing a new vehicle in the name of the Debtor and his Wife. Accordingly, since the Debtor and his wife's ownership in Law Star, LLC originated in the same conveyance, as evidenced by Certificate No. 9, and their ownership commenced simultaneously, the unity of time for establishing TBE ownership is met and the claimed joint TBE ownership of Law Star, LLC is appropriate.

15. In the event that this Court determines that the unity of time was not met, the ownership in Certificate No. 9 was owned as Joint Tenants with Rights of Survivorship. Therefore, the Debtor's wife has an equal ownership interest to that of the Debtor.

**The Alleged Transfer From Debtor to Debtor and Wife Was Not a Transfer and is Not Avoidable Under Florida Law**

16. The Trustee and Creditor further argue that the Debtor's joint TBE ownership interest in Law Star, LLC results from an avoidable transfer pursuant to Fla. Stat. § 726.105(1)(a) which has a one year statute of limitations savings clause which only begins to run when the transfer "was or reasonably could have been discovered by the claimant."

17. The Debtor did not transfer his membership interest in Law Star, LLC to himself and his wife. The Debtor surrendered his interest in Law Star, LLC, as evidenced by Certificate No. 8. Thereafter, Law Star, LLC issued Certificate No. 9 reflecting the Debtor and his wife's separate joint TBE ownership interest in Law Star, LLC. The ownership interest in Law Star, LLC, as evidenced by Certificate No. 9, was never the Debtor's asset to transfer.

18. Accordingly, the Debtor's joint TBE interest in Law Star, LLC was not as a result of a transfer from the Debtor. The Debtor is not Law Star, LLC and accordingly, the Debtor could not and did not transfer ownership in Law Star, LLC to the Debtor and his wife. Therefore, the

4

Debtor and his wife's ownership interest in Law Star, LLC, as evidenced by Certificate No. 9, is not as a result of a transfer which can be avoided by pursuant to Florida Statutes.

19. Further, even if the joint TBE ownership interest of Law Star, LLC is as a result of a transfer from the Debtor, the Law Star, LLC interest had no value or was of a nominal value to such an extent that it would have been exempt under non-bankruptcy law. Accordingly, the Law Star membership interest would not qualify as an asset which could be fraudulently transferred under Florida law.

20. Finally, an objection to exemptions is not the appropriate procedural mechanism by which to avoid an alleged fraudulent transfer.

**The Debtor's Seacoast Accounts are Appropriately Claimed as TBE Exempt**

21. The Debtor claimed as TBE exempt Seacoast National Bank checking account #4038 ("Seacoast #4038") and Seacoast National Bank money market account # 2977 (Seacoast #2977"). Creditor objects to the claimed tenancy by the entireties exemption based upon *In re Aranda* and *Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45, (Fla. 2001).

22. Creditor argues that in accordance with the holding in *Beal Bank*, the Debtor manifested an express disclaimer of intent to hold the Seacoast Accounts as TBE property, and therefore the TBE exemption claim should be disregarded.

23. In *Beal Bank*, the Florida Supreme Court held "that as between the debtor and a third-party creditor . . . if the signature card of the account does not expressly disclaim the tenancy by the entireties form of ownership, a presumption arises that a bank account titled in the names of both spouses is held as a tenancy by the entireties as long as the account is established by husband and wife in accordance with the unities of possession, interest, title, and time and with right of survivorship." *Id.* at 58.

5

24. In *Beal Bank*, the Florida Supreme Court stated ". . . an express disclaimer of an intent not to hold the account as a tenancy by the entireties arises if the financial institution affirmatively provides the depositors with the option on the signature care to select a tenancy by the entireties among other options, and the depositors expressly **select another form of ownership option of either a joint tenancy with right of survivorship or a tenancy in common**." (emphasis added). *Id.* at 60.

**Seacoast #2977**

25. Seacoast #2977 was originally opened on September 16, 2014 at Grand Bank & Trust of Florida. The Grand Bank and Trust of Florida signature card provided the following "Select one and initial" option under the heading "Ownership of Account": (1) "Single–Party Account"; (2) "Multiple–Party Account"; (3) "Multiple–Party Account—Tenancy by the Entireties"; and (4) "Trust—Separate Agreement." Although the "Multiple-Party Account" option was selected, no option was initialed.

26. It was always the Debtor and his wife's intention to open Seacoast #2977 as a TBE account.

27. In Creditor's objection to exemptions, Creditor argues that because the Debtor opened Seacoast #2977 as a "multiple-party account," even though a separate option existed for "multiple-party account – tenancy by the entireties," the Debtor therefore expressly disclaimed his intent to hold Seacoast #2977 as TBE.

28. Regardless of the Grand Bank and Trust of Florida signature card which has the "Multiple-Party Account" option selected, with no option initialed, Seacoast #2977 is still presumed to be TBE. Although on the Grand Bank and Trust of Florida signature card for Seacoast #2977 the "Multiple-Party - Tenancy by the Entireties" box was not checked, the "Multiple-Party

6

Account" box was checked. By selecting "Multiple-Party Account," the Debtor and his wife did not expressly select another form of ownership option of either joint tenancy with right of survivorship or a tenancy in common. Accordingly, although on the signature card for Seacoast #2977 tenancy by entireties is not affirmatively selected, neither is a joint tenancy with right of survivorship or tenancy in common account. Therefore, because the "Multiple-Party Account" option was checked and no other form of joint ownership was expressly selected, in accordance with *Beal Bank*, there is a presumption that Seacoast #2977 is held as tenancy by the entireties.

29. Although there is a second Seacoast #2977 signature card which references "Adding tenants by the entireties" language to an "existing" account, in fact, it was always the Debtor and his wife's intentions to own Seacoast #2977 as a TBE account.

30. The Debtor did not manifest an express disclaimer of the intent to hold Seacoast #2977 as TBE and therefore, the Creditor's objection to the claimed TBE exemption of Seacoast #2977 should be overruled.

**Seacoast #4038**

31. Seacoast #4038 was originally opened on February 13, 2012 at Grand Bank & Trust of Florida. In Creditor's objection to exemptions, Creditor references a Grand Bank and Trust of Florida signature card which opens Seacoast #4038 and provides the following "Select one and initial" option under the heading "Ownership of Account": (1) "Single–Party Account"; (2) "Multiple–Party Account"; (3) "Multiple–Party Account—Tenancy by the Entireties"; and (4) "Trust—Separate Agreement." Although the signature card referenced by the Creditor has the "Multiple-Party Account" option selected, no option was initialed.

32. It was always the Debtor and his wife's intention to open Seacoast #4038 as a TBE account.

33. In Creditor's objection to exemptions, Creditor argues that because the Debtor opened Seacoast #4038 as a "multiple-party account," even though a separate option existed for "multiple-party account – tenancy by the entireties," the Debtor therefore expressly disclaimed his intent to hold Seacoast #4038 as TBE.

34. Regardless of the Grand Bank and Trust of Florida signature card which has the "Multiple-Party Account" option selected, with no option initialed, Seacoast #4038 is still presumed to be TBE. Although on the Grand Bank and Trust of Florida signature card for Seacoast #4038 the "Multiple-Party - Tenancy by the Entireties" box was not checked, the "Multiple-Party Account" box was checked. By selecting "Multiple-Party Account," the Debtor and his wife did not expressly select another form of ownership option of either joint tenancy with right of survivorship or a tenancy in common. Accordingly, although on the signature card for Seacoast #4038 tenancy by entireties is not affirmatively selected, neither is a joint tenancy with right of survivorship or tenancy in common account. Therefore, because the "Multiple-Party Account" option was checked and no other form of joint ownership was expressly selected, in accordance with *Beal Bank*, there is a presumption that Seacoast #4038 is held as tenancy by the entireties.

35. Although there is a second Seacoast #4038 signature card which references "Adding tenants by the entireties" language to an "existing" account, in fact, it was always the Debtor and his wife's intentions to own Seacoast #4038 as a TBE account.

36. The Debtor did not manifest an express disclaimer of the intent to hold Seacoast #4038 as TBE and therefore, the Creditor's objection to the claimed TBE exemption of Seacoast #4038 should be overruled.

### Debtor's Interest in CDSJ

37. Debtor claims a $25.00 exemption in his 50% interest in CDSJ, LLC.

38. In Creditor's objection, Creditor incorrectly states that Debtor's exemption exceeded the $1,000.00 cap for personal property. The Debtor is entitled to a $25.00 exemption pursuant to Fla. Const., art. X, §4(a)(2).

WHEREFORE, the Debtor prays that this Court enter an order overruling *Trustee's Objection to Exemptions* [DE #61] and overruling Cordell Funding, LLLP's ("Creditor") *Objection to Exemptions* [DE #70] and for such other and further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true copy of the foregoing has been sent in the manner stated this 11th day of July, 2016, to all parties listed below.

        FURR AND COHEN, P.A.
        Attorneys for Debtor
        2255 Glades Road, Suite 337W
        Boca Raton, Florida 33431
        (561) 395-0500
        (561) 338-7532 - facsimile

        By /s/*Marc P. Barmat*
           Marc P. Barmat
           Florida Bar No. 0022365
           mbarmat@furrcohen.com

Served via ECF:

- Alejandro R Alvarez aalvarez@piedralaw.com, gkelly@piedralaw.com
- Michael R Bakst efilemrb@gmlaw.com, FL65@ecfcbis.com;efileu1084@gmlaw.com;efileu1087@gmlaw.com;efileu1085@gmlaw.com;efileu1729@gmlaw.com
- Michael R. Bakst efileu1094@gmlaw.com, FL65@ecfcbis.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;efileu1733@gmlaw.com;melissa.bird@gmlaw.com
- Marc P Barmat sscott@furrcohen.com, mbarmat@furrcohen.com;atty_furrcohen@bluestylus.com
- G Steven Fender efileu1113@gmlaw.com, efileu1094@gmlaw.com;efileu1092@gmlaw.com;leslie.marder@gmlaw.com;efileu1435

9

@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;gregory.stolzberg@gmlaw.com
- Robert C Furr bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- John E Page jpage@sfl-pa.com, scusack@sfl-pa.com;lrosettoparr@sfl-pa.com;dwoodall@sfl-pa.com;bshraibergecfmail@gmail.com;scusacksfl@gmail.com
- Bradley S Shraiberg bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;lrosettoparr@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com;bshraibergecfmail@gmail.com;ematteo@sfl-pa.com

<u>Served via U.S. Mail</u>

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

Alan K Marcus
2600 Douglas Rd #1111
Coral Gables, FL 33134





NUMBER 9

FORMED UNDER THE LAWS OF
THE STATE OF FLORIDA

LAW STAR, L.L.C.

SHARES 40

This Certifies that Conrad J. DeSantis & Patricia G. DeSantis, husband & wife, ~~jtaoc~~ Tenants by the entirety the owner of forty percent (40%) _____ of the above named Limited Liability Company transferable only on the books of the Limited Liability Company by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed. _____

In Witness Whereof, the said Limited Liability Company has caused this Certificate to be executed on its behalf by its duly authorized manager(s), member(s), officer(s) or agent(s) this 11th day of November A.D. 2008.

Philip Stanbury, Manager