UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                              Case No. 15-31017-PGH
                                                                    Chapter 7
CONRAD J. DESANTIS,

    Debtor.
_____/

NOTICE TO PARTIES PARTICIPATING IN
<u>JUDICIAL SETTLEMENT CONFERENCE</u>


**<u>Marc P Barmat, Esq</u>. SHALL SERVE A COPY OF THIS NOTICE ON ALL COUNSEL WHO ARE NOT RECIPIENTS OF THIS NOTICE VIA CM/ECF, AND SHALL FILE A CERTIFICATE OF SERVICE OF THE SAME**

**COUNSEL FOR EACH PARTY SHALL DELIVER A COPY OF THIS NOTICE TO THEIR CLIENT AND CLIENT REPRESENTATIVE**

    You are receiving this notice because you or a party you represent agreed to participate in a judicial settlement conference. The presiding judge in the above captioned matter (the "Presiding Judge") directed you and other parties to attempt to negotiate a settlement of disputes arising in or related to the above captioned matter. You and the other parties selected the Hon. Erik P. Kimball, United States Bankruptcy Judge, to assist you in settlement negotiations.

    **BY ATTENDING THE SETTLEMENT CONFERENCE**, in addition to any order entered in the above captioned matter governing the settlement conference, **EACH PARTY AND EACH PARTY'S REPRESENTATIVES, AGENTS AND ADVISORS, AGREE AS FOLLOWS**:

    1.    <u>Time and Place of Settlement Conference</u>. The settlement conference will commence at <u>9:30 a.m.</u> on <u>October 14, 2016</u> at the United States Bankruptcy Court, Courtroom B, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, West Palm Beach, Florida 33401. It is possible that the settlement conference will be continued one or more additional days by agreement of the parties and Judge Kimball.

    2.    <u>Good Faith Attempt to Settle</u>. The parties agree and consent that all disputes between them, whether or not arising in the above captioned matter, will be addressed as part of the settlement conference. Each party shall make a good faith attempt to negotiate a global settlement of the disputes arising among the parties involved in the settlement conference.

3.  <u>Conduct of Settlement Conference; Role of Judge Kimball as Settlement Facilitator</u>.  Judge Kimball is not the Presiding Judge in this matter.  While Judge Kimball is acting in his official capacity as a Bankruptcy Judge when assisting the parties, he will have no involvement whatsoever in deciding any issue in the above captioned matter addressed in the settlement conference.  Judge Kimball's role is to facilitate the settlement discussions among the parties in an attempt to assist the parties in reaching a global settlement of their disputes and, if this is not possible, to assist in narrowing the issues for hearing before the Presiding Judge.  In most cases, after a general meeting with all parties and counsel, Judge Kimball will use multiple conference rooms at the courthouse to enable separate meetings with the parties and their counsel.  The settlement conference will be conducted in confidence, and no transcript, audio or video recording, or formal record will be made.  Only Judge Kimball as settlement facilitator, Judge Kimball's staff, the parties, and the parties' representatives and advisors will be permitted to be present during the settlement conference.  While Judge Kimball typically conducts a settlement conference in the same manner as a mediation, the settlement conference differs from a traditional mediation in that Judge Kimball, as facilitator, may provide his views on the claims and positions of the parties.  Any settlement agreement reached as a result of the settlement conference will be a consensual agreement entered into by the parties voluntarily.  You are responsible for the final, negotiated settlement, if any.

4.  <u>Pre-Settlement Conference Demand and Offer</u>.  The settlement conference is more likely to be productive if the parties exchange written settlement proposals prior to the conference.  Accordingly, at least ten (10) days prior to the settlement conference, counsel for the plaintiff/movant shall submit to counsel for the defendant/respondent a written settlement demand, including an itemization of damages (if appropriate) and a brief explanation as to why such a settlement is appropriate.   No later than seven (7) days prior to the settlement conference, counsel for the defendant/respondent shall submit to counsel for the plaintiff/movant a written settlement offer with a brief explanation as to why such a settlement is appropriate.  If there are more than two parties, each party shall deliver a settlement demand or offer as appropriate under the circumstances.  <u>None of the foregoing documents shall be filed in the above captioned matter or otherwise made a part of the record in such matter</u>.  It is not necessary to provide these documents to Judge Kimball.  On occasion, this process leads directly to settlement.

5.  <u>Pre-Settlement Conference Telephone Conferences; Supporting Documents</u>.  A single lawyer representing each party shall participate in a telephone conference with Judge Kimball prior to the settlement conference.  There will be a separate call with each party.  Telephone conferences will take place at least two (2) working days prior to the settlement conference and will require approximately 15 minutes time.  Each party should contact Michelle Jaffe, at (561) 514-4132, for the purpose of scheduling a call.  The purpose of these telephone conferences is to provide Judge Kimball with a basic outline of the dispute or disputes subject to negotiation at the settlement conference.  Unless specifically requested by Judge Kimball, the parties are directed not to submit settlement conference statements.

2

However, during their conference call each party shall indicate to Judge Kimball all pleadings, contracts, and other documents, and all statutes and case law, that may be relevant to the negotiation. If Judge Kimball requests copies of any such documents they shall be e-mailed to epk_chambers@flsb.uscourts.gov and simultaneously copied to all counsel of record involved in the settlement conference. <u>Failure to timely set up the required conference call or supply Judge Kimball with requested documents may result in cancelation of the settlement conference. Judge Kimball will promptly report any such failure (including the identity of the relevant party or parties) to the Presiding Judge. The Presiding Judge may assess costs and expenses, and additional sanctions, against any non-complying party, attorney, or both</u>.

      6.      <u>Attendance of Parties Required</u>.

Each party shall attend the settlement conference in person or through a duly authorized representative with complete authority to negotiate and execute a settlement agreement in such person's discretion.

**JUDGE KIMBALL DOES NOT ALLOW ANY PERSON TO APPEAR BY TELEPHONE, UNDER ANY CIRCUMSTANCES, EVEN IF TELEPHONE PARTICIPATION IS APPROVED BY THE PRESIDING JUDGE.**

If the party is an individual, that person must physically attend the settlement conference.

If the party is a corporate, government, or other organizational entity, the party must send a person fully authorized to negotiate and execute a settlement agreement on its behalf.

Without limiting the foregoing, if a party is a defendant/respondent, the party's representative must have final settlement authority to commit the organization to pay, in the representative's own discretion, a settlement amount up to the plaintiff/movant's prayer, or up to the plaintiff/movant's last demand, whichever is lower. Without limiting the foregoing, if a party is a plaintiff/movant, the party's representative must have final authority, in the representative's own discretion, to authorize dismissal of the matter with prejudice, or to accept a settlement amount down to the defendant/respondent's last offer.

If a party to the settlement conference is a public entity, including a federal agency or an entity required to conduct its business pursuant to Chapter 286, Florida Statutes, that party shall be deemed to appear at the settlement conference by the physical presence of a representative with full authority to settle on behalf of the entity.

Any insurance company that is a party or that is contractually required to defend or to pay damages (if any) assessed within its policy limits in the matter to be addressed during the settlement conference must be present through a duly

3

authorized representative with final settlement authority to commit the company to pay, in the representative's own discretion, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. The parties and their counsel are responsible for timely advising any involved non-party insurance company of the requirements of this notice.

The purpose of these requirements is to have in attendance a representative for each party who has the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to reach settlement during the conference without consulting someone else who is not present. Having a party with authority available by telephone is <u>not</u> an acceptable alternative as it is impossible for a party who is not present to appreciate the negotiation process and the reasons that may justify a change in one's perspective toward settlement. In the event counsel for any party is aware of any circumstance that might cast doubt on a client's compliance with these requirements, said counsel shall immediately discuss the circumstance with opposing counsel to resolve the issue well before the settlement conference. If such discussion does not resolve the issue, counsel may request a teleconference with Judge Kimball and all parties and counsel of record involved in the settlement conference by contacting Cindy Klopp, Courtroom Deputy, at (561) 514-4143.

If any required person described above fails to attend the settlement conference, the settlement conference will be canceled or rescheduled. <u>Judge Kimball will promptly report such facts (including the identity of the person or persons) to the Presiding Judge. The Presiding Judge may assess costs and expenses, and additional sanctions, against any non-complying party, attorney, or both</u>.

7. <u>Electronic Devices; Photo Identification Required</u>. Electronic devices, including but not limited to still or video cameras, mobile phones, blackberry devices, pagers, personal data assistants, laptop computers, radios, and sound recording devices, are not permitted in the courtroom or the environs of the court. These restrictions do not apply to attorneys permitted to practice law in the Southern District of Florida who are members of the Florida Bar with a valid Florida Bar identification card or who have been permitted to practice before the court by *pro hac vice* order, U.S. government or State of Florida law enforcement officers, U.S. Trustee's Office staff, and designated bankruptcy trustees. No one is permitted to bring a camera of any kind into a federal courthouse facility except with a written order signed by a Judge and verified by the U.S. Marshals Service. Photo identification is required to gain entrance to all federal courthouse buildings.

8. <u>Confidentiality</u>.

The content of, and the discussions occurring during, the settlement conference are to be kept confidential. All persons involved in the settlement conference will keep confidential and not use for any collateral or ulterior purpose:

      a.    any views expressed or suggestions or proposals for settlement made by a party in the course of the settlement conference;

      b.    any views expressed or suggestions or proposals for settlement made by Judge Kimball in the course of the settlement conference;

      c.    the fact that a party had or had not been willing to accept a proposal for settlement made during the settlement conference; and

      d.    all information (whether oral or in writing) produced for or arising in relation to the settlement conference, except as directly necessary to implement and enforce any settlement agreement resulting from the settlement conference.

All documents (including anything stored electronically) and any other information produced for, or arising in relation to, the settlement conference shall be privileged, and shall not be admissible as evidence or discoverable in any legal proceedings except as provided in this notice or in respect of any legal proceedings commenced to enforce a written settlement agreement arrived at among the parties as a result of the settlement conference.

All documents used or created in the settlement conference (the "Settlement Conference Documents") are not to be used by any party or their respective representatives in any legal proceedings save for such documents that are/were in the possession or custody of such party prior to the settlement conference or are/were obtained by such party legitimately other than through the settlement conference process. In respect of the Settlement Conference Documents, any existing restrictions on the use of such documents and/or any prevailing law, rule or court order applicable to such documents, are to remain in effect. The settlement conference is not to be taken as waiving or in any way affecting any such restriction, law, rule, or court order unless expressly agreed to in writing by the relevant party or parties.

Written materials submitted to Judge Kimball and Judge Kimball's notes will be destroyed after the conclusion of the settlement conference.

The parties will not call Judge Kimball (or Judge Kimball's law clerks or courtroom deputy) as a witness, consultant, arbitrator, or expert in any proceedings in relation to the disputes presented as part of the settlement conference.

<u>The parties are encouraged to consult with counsel regarding the foregoing agreements relating to confidentiality and admissibility. Judge Kimball does not provide legal advice to the parties, and makes no representation regarding the enforceability of the provisions of this notice among the parties</u>.

      9.    <u>Potential Questions to be Addressed During Settlement Conference</u>. The parties should review the following questions well prior to the settlement

conference, and be prepared to discuss each topic at the settlement conference. This is not intended to be an exhaustive list of potential topics for discussion.

   a.   What are your objectives in litigation?

   b.   What issues need to be resolved, whether or not before the Presiding Judge?

   c.   What legal arguments support your position? What law can you cite to support your argument?

   d.   Do you understand the opposing party's view of the case? Do you dispute their factual assertions? What are their legal arguments? What law supports their position?

   e.   What remedies are available through litigation or otherwise?

   f.   Is there the possibility for a creative resolution of the dispute, not otherwise available through decision by the Presiding Judge?

   g.   Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

   h.   Are there outstanding liens? Do we need to include a representative of the lien holder?

   i.   What are the alleged damages and how were they calculated?

   j.   Is any party seeking relief other than monetary damages?

   k.   Are there collectability issues in this matter?

   10.   <u>Involvement of Clients</u>. For many clients, this will be the first time they participate in a court supervised settlement conference. Counsel shall provide a copy of this notice to each client and client representative and shall discuss the issues addressed herein with their clients prior to the settlement conference.

   11.   <u>Settlement Agreement</u>. The parties agree to abide by any settlement and to effect the terms thereof reached through the settlement conference. Any settlement agreement entered into as a result of the settlement conference may be subject to review and approval by the Presiding Judge.

   12.   <u>Reporting by Judge Kimball</u>. Judge Kimball will report to the Presiding Judge, orally or in writing, only (a) that the parties did or did not reach settlement and the general extent of the settlement if one was reached, (b) if and how a settlement may be presented to the Presiding Judge (for example, by motion

under Bankruptcy Rule 9019), (c) any facts relevant to a party's failure to comply with the requirements of paragraphs 5 or 6, above, and (d) the identify of any party that Judge Kimball believes has not participated in the settlement conference in good faith and facts relevant thereto.

13. <u>Waiver of Claims</u>.  The parties agree for the benefit of themselves and Judge Kimball as settlement facilitator that:

a. The parties shall not make any claim whatsoever against Judge Kimball or his staff or courtroom deputy for any matter in connection with or in relation to the settlement conference, the assistance provided by Judge Kimball, or the disputes between the parties; and

b. Judge Kimball, his staff, and his courtroom deputy will not be liable to the parties for any act or omission in connection with his assistance provided as settlement facilitator.

14. <u>Termination by Judge Kimball as Settlement Facilitator</u>.

If any party does not agree to <u>all</u> provisions of this notice, such party shall advise Judge Kimball prior to the commencement of the settlement conference, in writing, and Judge Kimball will withdraw as proposed settlement facilitator in this matter.  <u>By attending the settlement conference, each party and each party's representatives, agents, and advisers, agree to be bound by all terms of this notice as if this notice were an agreement signed by each such person or entity</u>.

              Hon. Erik P. Kimball
              United States Bankruptcy Judge