UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                        Case No.: 15-31017-BKC-PGH
                                              Chapter 7 proceeding
**CONRAD J. DESANTIS**

    Debtor.
_____/

## TRUSTEE'S NOTICE OF INTENT TO SERVE SUBPOENA

TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45(a)(4), Michael R. Bakst, Trustee in Bankruptcy for Conrad Desantis, through undersigned counsel, provides notice upon all parties in this chapter 7 bankruptcy proceeding by Fed. R. Bankr. P. 9016, that the Trustee will serve Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in this Bankruptcy Case (for use in this case or in any Adversary Proceeding) and for deposition testimony, directed to the following non-parties:

    DeSantis, Gaskill, Smith & Shenkman, P.A.
    c/o Stuart Young, Esq.
    1860 Forest Hill Blvd., Ste 201
    West Palm Beach, FL 33406-6086

The subpoenas will be served after September 20, 2016. True and correct copies of the subpoenas are attached hereto as Composite Exhibit "A" and reflect the materials sought.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all parties listed below, and in the manner indicated on this 20th day of September, 2016.

**GREENSPOON MARDER, P.A.**

*/s/ G. Steven Fender*

_____
G. STEVEN FENDER, ESQ.
Florida Bar No.: 060992
Attorney for Trustee
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
(561) 838-4509
steven.fender@gmlaw.com

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Alejandro R Alvarez    aalvarez@piedralaw.com, gkelly@piedralaw.com
- Michael R Bakst    efilemrb@gmlaw.com, FL65@ecfcbis.com;efileu1084@gmlaw.com;efileu1087@gmlaw.com;efileu1085@gmlaw.com;efileu1729@gmlaw.com
- Michael R. Bakst    efileu1094@gmlaw.com, FL65@ecfcbis.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;efileu1733@gmlaw.com;melissa.bird@gmlaw.com
- G Steven Fender    efileu1113@gmlaw.com, efileu1094@gmlaw.com;efileu1092@gmlaw.com;leslie.marder@gmlaw.com;efileu1435@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;gregory.stolzberg@gmlaw.com
- Robert C Furr    bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- John E Page    jpage@sfl-pa.com, scusack@sfl-pa.com;lrosettoparr@sfl-pa.com;dwoodall@sfl-pa.com;bshraibergecfmail@gmail.com;scusacksfl@gmail.com
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;lrosettoparr@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com;bshraibergecfmail@gmail.com;ematteo@sfl-pa.com

## Manual Notice List

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

Conrad J. DeSantis
1125 Country Club Drive
North Palm Beach, FL 33408

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

**In re:**

                                                    **Case No.: 15-31017-BKC-PGH**
                                                    **Chapter 7 proceeding**

**CONRAD J. DESANTIS**

     **Debtor.**

_____/

**SUBPOENA DUCES TECUM**

**To:**    DeSantis, Gaskill, Smith & Shenkman, P.A.
         c/o Stuart Young, Esq.
         1860 Forest Hill Blvd., Ste 201
         West Palm Beach, FL 33406-6086

*(Name of person to whom the subpoena is directed)*

☐    *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 7030, Federal Rules of Bankruptcy Procedure and Local Rule 7030-1.

■    *Production:* You, or your representatives, must provide the following documents, electronically stored information, or objects:

1. All documents on attached list

| PLACE | DATE AND TIME |
|---|---|
| Greenspoon Marder P.A.<br>200 East Broward Boulevard, Suite 1800<br>Fort Lauderdale, FL, 33301 | **October 21, 2016** |

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                CLERK OF COURT
                Signature of Clerk or Deputy Clerk    OR    Attorney's signature

                                                                             /S/G. Steven Fender, Esq.

                _____                     _____

The name, address, email address, and telephone number of the attorney representing (name of party)  *G. Steven Fender, attorney for Michael Bakst, Chapter 7 Trustee in Bankruptcy for Conrad DeSantis,* who issues or requests this subpoena, are:

G. Steven Fender, Esq.          Phone: 561-838-4509
Greenspoon Marder P.A.          Fax: 561-314-3409
525 Okeechobee Blvd., Suite 1570   Email: steven.fender@gmlaw.com
West Palm beach, FL 33401

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): _____
on (date) _____.

☐   I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____   on (date) _____ ; or

☐   I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*

  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   (i) expressly make the claim; and

   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial- preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

---

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

27220960.1

# EXHIBIT "A"

## I. INSTRUCTIONS

1. DeSantis, Gaskill, Smith & Shenkman, P.A. (the "Law Firm") is required to produce a document or tangible thing if it is within its possession, custody, or control. Possession, custody or control includes constructive possession, such that one needs not have actual physical possession.

2. All documents listed herein shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with categories herein. The selection of documents from files and other sources shall be performed in such a manner as to insure that the file or other source in which the document is obtained may be identified. Any documents listed herein shall be produced in their full and unexpurgated form.

3. Responsive documents include all documents pertaining to the indicated subject, regardless of whether a particular document has been superseded, amended, revised, rewritten, redrafted, rejected, or rendered obsolete.

## II. DEFINITIONS

A. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

B. "Documents" has the meaning ascribed to it in Fed. R. Civ. P. 34 and the interpretive case law. "Documents" also includes electronic documents or materials of any kind, including but not limited to, those that are stored in cloud-based services (e.g. Sharepoint, Dropbox, Box, iCloud, etc.); and electronic documents created or stored in smartphones, tablets, hard drives, in-boxes, or other internal or external electronic media.

## III.    SPECIFIC DOCUMENT REQUESTS

1. All documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from the Port of Palm Beach District or Port of Palm Beach from November 20, 2005 through the present date.

2. All documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from any sewer district from November 20, 2005 through the present date.

3. All documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from Encon from November 20, 2005 through the present date.

4. All documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from Palm Springs, Florida from November 20, 2005 through the present date.

5. All documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from North Palm Beach, Florida from November 20, 2005 through the present date.

6. All documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from Palm Beach County from November 20, 2005 through the present date.

7. All documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from Broward County from November 20, 2005 through the present date.

8. To the extent not requested above, all documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from any governmental entity, quasi-governmental entity city, or municipality from November 20, 2005 through the present date.

9. All documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from First American Bank from November 20, 2005 through the present date.

10. All documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from Fidelity Federal from November 20, 2005 through the present date.

11. To the extent not requested above, all documents evidencing, reflecting, or setting forth any revenue received by the Law Firm from any bank or financial institution from November 20, 2005 through the present date.

12. To the extent not requested above, all documents evidencing, reflecting, or setting forth the identity of any client of the Law Firm which Conrad DeSantis originated, assisted in the origination, or referred to the Law Firm which produced any revenue to the Law Firm from November 20, 2005 through the present date.

13. All documents evidencing, reflecting, or setting forth any communications between the Law Firm and Conrad DeSantis from November 20, 2005 through the present date.

14. All documents evidencing, reflecting, or setting forth any communications between the Law Firm and any other person or entity mentioning or concerning Conrad DeSantis from November 20, 2005 through the present date.