UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

CASE NO.: 15-31017-BKC-PGH
Chapter 7

In re:

CONRAD J. DESANTIS,

      Debtor.
_____/

## MOTION TO COMPROMISE CONTROVERSIES BETWEEN THE TRUSTEE, THE DEBTOR, AND PATRICIA DESANTIS

> ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN TWENTY-ONE (21) DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM ATTACHED TO THIS MOTION. ANY SCHEDULED HEARING MAY THEN BE CANCELED.

Pursuant to F.R.B.P. 9019, Michael R. Bakst (the "Trustee"), as Trustee in Bankruptcy for Conrad J. DeSantis (the "Debtor"), through undersigned counsel, requests the Court to compromise controversies between him, the Debtor, and the Debtor's wife, Patricia DeSantis, and in support states as follows:

1. The Debtor filed this voluntary chapter 7 bankruptcy proceeding on November 30, 2015 (the "Petition Date"). Michael R. Bakst has been appointed as the Chapter 7 Trustee.

2. The Debtor has a 50% ownership interest in CDSJ, LLC, which as of the Petition Date had the sum of $33,577.34 on deposit at Seacoast Bank, acct no. xxx3573 [ECF 1 at p. 12], against which the Debtor claims an exemption of $25 [ECF 1 at p. 17]. The Parties do no dispute that the Trustee has an interest in one half of this sum, less the $25 exemption, which is estimated at $16,763.67. Approximately $17,900 remains in this account after a withdrawal from the co-owner of CDSJ, LLC.

3. The Debtor has disclosed the existence of two bank accounts at Seacoast Bank, acct

1

28126067.1

nos. xxxxx4038 ($6,022.89), and xxxx2977 ($37,657.59) (the "Seacoast Accounts") [ECF 1 at p. 9] which the Debtor claims are exempt as tenants by the entireties [ECF 1 at p. 15]. Cordell Funding, LLLP ("Cordell"), a creditor in this action, filed an objection to exemptions [ECF 70] in which Cordell challenges the Debtor's tenancy by the entireties exemption in the Seacoast Accounts. The Debtor's share of these accounts should Cordell prevail on its objections is one half of this aggregate sum, or $21,840.24. The Debtor and Patricia DeSantis stand by the Debtor's exemption claim [ECF 83] and the matter, absent settlement, can only be resolved after an evidentiary hearing.

4. Within 90 days of the Petition Date, Patricia DeSantis transferred the sum of $12,828 from one of the Seacoast Accounts to an account solely in her name, which transfer the Trustee believes may be avoidable under 11 U.S.C. §§ 547 or 548, depending on the circumstances (the "Potential Avoidance"). Patricia DeSantis denies that this transfer is avoidable under any legal theory. To pursue the Potential Avoidance, the Trustee must bring an adversary proceeding against Patricia DeSantis and the matter would likely require a trial and summary judgment practice.

5. The Debtor has disclosed a 40% interest in Law Star, LLC [ECF 1 at p. 12] which he claims as wholly exempt as tenants by the entirety [ECF 1 at p. 17]. Law Star, LLC's only asset is an office building encumbered by a refinanced purchase-money mortgage which is set to be sold to a third party with no more than $69,985.94 available after the closing. A sum of $46,000 is the approximate sum that may actually be paid to Law Star, LLC, 40% of which is $18,400. Both the Trustee and Cordell have filed objections to the exemption the Debtor claims in Law Star, LLC is exempt as tenants by the entirety [ECF 61, 70]. The Debtor stands by his exemption claim [ECF 83].

6. Approximately ten years before the Petition Date, the Debtor returned his 40% interest in Law Star, LLC to Law Star, LLC, who reissued it to the Debtor and Patricia DeSantis as tenants by the entireties. That transfer is part of the basis for the objection to exemptions in ECF 61 and 70, but to be pursued, the Trustee would have to file an adversary proceeding against Law Star, LLC and Patricia DeSantis. At some time prior to these transfers, Law Star, LLC made a $580,000 distribution to the Debtor which he deposited into an entireties account with Patricia DeSantis. This may provide the Trustee with a potential claim against Patricia DeSantis for some portion of this transfer, but the funds were used over the years on living expenses of the Debtor and Patricia DeSantis.

7. The Trustee, the Debtor, and Patricia DeSantis seek to resolve these issues amicably.

2

28126067.1

A copy of the fully executed Stipulation reflecting their settlement is attached as Exhibit "A" and everyone should read it because its terms control, not what this motion states about the Stipulation if there is any unintentional ambiguity, inconsistency, or contradiction. The Trustee has agreed to accept payment of the total sum of $35,000 from the Debtor and Patricia DeSantis to resolve the exemption dispute with respect to the Seacoast Accounts, the Potential Avoidance, and the exemption claim relating to Law Star, LLC. In addition, the Debtor will cooperate with and assist the Trustee in recovering the approximate $16,763.67 due from the CDSJ, LLC bank account. In exchange, the Trustee is releasing the Debtor and Patricia DeSantis from any other claims that he or the estate may have against them, including the claim against Patricia DeSantis relating to the $580,000 distribution from Law Star, LLC. The Debtor and Patricia DeSantis will pay the $35,000 within ten (10) days of the Order granting this Motion becomes final and non-appealable. The approximately $16,763.67 is estimated to be turned over within ten (10) days of the date of the attached Stipulation in Exhibit "A."

8. The appropriate test to evaluate a proposed settlement is "whether the compromise falls below the lowest point in the range of reasonableness." *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988). The Trustee believes that the settlement of the instant controversy is entirely reasonable. The Trustee would urge the Court to approve it. The Trustee believes that payment of $35,000 within 10 calendar days (no payment plan) of entry of the Order approving this Stipulation is an entirely reasonable sum to settle this matter given the costs, risk, inconvenience, delay, and difficulties associated with litigation or an auction sale. The $16,673.67 should be received shortly and is presently believed to be all of the Trustee's interests in CDSJ, LLC, and certainly is from this bank account. CDSJ, LLC may have other assets, but they are not the subject of this Stipulation. The $35,000 is 66% of what the Trustee would recover if he prevailed in full with respect to the Seacoast Accounts, the Potential Avoidance, and the Law Star, LLC claims. The Trustee has not yet had to prepare or file any adversary proceeding against Patricia DeSantis or Law Star, LLC, or prepare for any evidential hearing, engage in any pre-trial discovery or summary judgment proceedings, or prepare for and attend any trial. Given the relatively small sums involved and the Trustee's inability to recover attorneys' fees and costs on top of the monetary recovery in connection with pursuing any these assets, an early resolution is best. There is also a significant chance of loss if any of these disputes proceed to a hearing or trial which could leave the estate with

3

no recovery on these claims.

9. The Trustee's release of the Debtor and Patricia DeSantis precludes the Trustee from seeking any more money or recovery from either, whether the Trustee knows of any additional claims or not. The Trustee and his professionals have thoroughly investigated the Debtor's records and are not aware of any potential claims against either the Debtor or Patricia DeSantis except the claim against Patricia DeSantis for receipt of some portion of the $580,000 distribution from Law Star, LLC. The Trustee and his professional have closely evaluated that claim and have valued it at zero. The claim is too old and so many defenses exist against its recovery beyond timeliness that the Trustee does not think it is worth pursuing.

10. For these reasons, the Trustee urges the Court to accept this settlement. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable view in the premises. *In re Justice Oaks II, Ltd*, 898 F.2d 1544 (11th Cir. 1990). The Trustee has evaluated the settlement while considering all of these factors. The Trustee believes that the settlement is in the best interest of creditors and the estate.

11. Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), the Stipulation and the instant motion are being noticed to all creditors, the US Trustee, and the Debtor.

12. For the foregoing reasons, the Trustee requests the Court to approve the compromise between the Trustee, the Debtor, and Patricia DeSantis. A proposed Order granting this Motion and approving the settlement and authorizing this payment is attached as Exhibit "B."

WHEREFORE the Trustee Michael R. Bakst respectfully requests that the Court enter an Order in the form accompanying this motion approving stipulation to compromise controversy, plus grant such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the

parties listed below, and in the manner indicated on this 19th day of October, 2016.

**GREENSPOON MARDER, P.A.**

*/s/ G. Steven Fender*
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
G. STEVEN FENDER, ESQ.
Florida Bar No.: 060992
Attorneys for Trustee
525 Okeechobee Blvd., Suite 1570
West Palm Beach, FL 33401
(561) 838-4509
(561) 514-3409 (facsimile)
Email: steven.fender@gmlaw.com

**Electronic Mail Notice List**

- Alejandro R Alvarez    aalvarez@piedralaw.com, gkelly@piedralaw.com
- Michael R Bakst    efilemrb@gmlaw.com, FL65@ecfcbis.com;efileu1084@gmlaw.com;efileu1087@gmlaw.com;efileu1085@gmlaw.com;efileu1729@gmlaw.com
- Michael R. Bakst    efileu1094@gmlaw.com, FL65@ecfcbis.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;efileu1733@gmlaw.com;melissa.bird@gmlaw.com
- G Steven Fender    efileu1113@gmlaw.com, efileu1094@gmlaw.com;efileu1092@gmlaw.com;leslie.marder@gmlaw.com;efileu1435@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;gregory.stolzberg@gmlaw.com
- Robert C Furr    bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- John E Page    jpage@sfl-pa.com, scusack@sfl-pa.com;lrosettoparr@sfl-pa.com;dwoodall@sfl-pa.com;bshraibergecfmail@gmail.com;scusacksfl@gmail.com
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;lrosettoparr@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com;bshraibergecfmail@gmail.com;ematteo@sfl-pa.com

28126067.1

**Manual Notice List**

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

Conrad J. DeSantis
1125 Country Club Drive
North Palm Beach, FL 33408

**All creditors and interested parties on the Court matrix**

```
Label Matrix for local noticing        Cordell Funding, LLLP                    TD Bank, N.A.
113C-9                                 c/o Bradley S. Shraiberg                 Piedra & Associates, P.A.
Case 15-31017-PGH                      Shraiberg, Ferrara & Landau, P.A.        201 Alhambra Circle
Southern District of Florida           2385 NW Executive Center Dr., Ste 300    Suite 1200
West Palm Beach                        Boca Raton, FL 33431-8530                Coral Gables, FL 33134-5111
Wed Oct 19 14:53:00 EDT 2016

ACAR Leasing LTD                       Alan K. Marcus Esq                       Autonation Cadillac West Palm
d/b/a GM Financial Leasing             Marcus Law Center                        2101 45th Street
POB 183692                             2600 Douglas Rd #1111                    West Palm Beach, FL 33407-3296
Arlington, TX 76096-3692               Miami, FL 33134-6143


Autonation Cadillac West Palm Beach    Bank United                              Citi Card American Airlines Advantage
2101 45th St                           7815 NW 148 St                           Box 6062
West Palm Beach, FL 33407-3296         Hialeah, FL 33016-1554                   Sioux Falls, SD 57117-6062


Cordell Funding LLLP                   Cordell Funding LLP                      Cordell Funding, LLP
c/o Irwin Gilbert, Esq                 Irwin R. Gilbert, Esq                    c/o Shraiberg Ferrara Landau & Page, PA
1475 Centerpark Blvd #275              11000 Prosperity Farms Rd #205           2385 NW Executive Center Drive, Suite 30
West Palm Beach, FL 33401-7446         Palm Beach Gardens, FL 33410-3462        Boca Raton, Florida 33431-8579


Curtis Shenkman Esq.                   Dept. of Revenue                         Donald R. Smith Esq
Desantis Gaskil Smith Shenkman         Bankruptcy Section                       DeSantis Gaskill Smith & Shenkman
11891 US Hwy One, #100                 P.O. Box 6668                            11891 US Hwy One #100
North Palm Beach, FL 33408-2864        Tallahassee, FL 32314-6668               North Palm Beach, FL 33408-2864


Internal Revenue Service               Irwin R. Gilbert, Esq.                   Kelley Kronenberg
POB 7346                               1475 Centerpark Blvd #275                1475 Centrepark Blvd #275
Philadelphia, PA 19101-7346            West Palm Beach, FL 33401-7446           West Palm Beach, FL 33401-7446


Law Star, LLC                          Office of the US Trustee                 Richman Greer PA
11891 US Hwy One #100                  51 S.W. 1st Ave.                         396 Alhambra Cir, 14th Floor
North Palm Beach, FL 33408-2864        Suite 1204                               Miami, FL 33134-5045
                                       Miami, FL 33130-1614


TD Bank                                TD Bank                                  TD Bank, N.A.
2130 Centrepark West Dr                PO Box 5600                              c/o Piedra & Associates, P.A.
West Palm Beach, FL 33409-6411         Lewiston, ME 04243-5600                  201 Alhambra Circle, Suite 1200
                                                                                Coral Gables, Florida 33134-5111


Timothy W. Gaskill, Esq                Alan K Marcus                            Conrad J. DeSantis
Desantis Gaskill Smith & Shenkman      2600 Douglas Rd #1111                    1125 Country Club Drive
11891 US Hwy One, #100                 Coral Gables, FL 33134-6143              North Palm Beach, FL 33408-3717
North Palm Beach, FL 33408-2864


Marc P Barmat                          Michael R Bakst                          Robert C Furr Esq
2255 Glades Rd # 337W                  P. O. Box 407                            2255 Glades Rd #337W
Boca Raton, FL 33431-7379              West Palm Beach, FL 33402-0407           Boca Raton, FL 33431-7379
```

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316-1237

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

End of Label Matrix
Mailable recipients    30
Bypassed recipients     1
Total                  31

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          CASE NO.: 15-31017-BKC-PGH
                                                Chapter 7
CONRAD J. DeSANTIS,

        Debtor.
_____/

## STIPULATION TO COMPROMISE CONTROVERSIES

This Stipulation to Compromise Controversies (this "Stipulation") is entered into on the date set forth below between Michael R. Bakst (the "Trustee"), as Trustee in Bankruptcy for Conrad J. DeSantis (the "Debtor"), the Debtor, and the Debtor's wife Patricia DeSantis (the Trustee, the Debtor, and Patricia DeSantis collectively, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, this voluntary chapter 7 bankruptcy proceeding was filed on November 30, 2015 (the "Petition Date"). Michael R. Bakst has been appointed as the Chapter 7 Trustee.

WHEREAS, the Debtor has a 50% ownership interest in CDSJ, LLC, whose sole asset is the sum of $33,577.34 which is on deposit at Seacoast Bank, acct no. xxx3573 [ECF 1 at p. 12], against which the Debtor claims an exemption of $25 [ECF 1 at p. 17]. The Parties do no dispute that the Trustee is entitled to receive the sum of $16,763.67 from this bank account (half the sum on deposit, less $25).

WHEREAS, the Debtor has disclosed the existence of two bank accounts at Seacoast Bank, acct nos. xxxxx4038 ($6,022.89), and xxxx2977 ($37,657.59) (the "Seacoast Accounts") [ECF 1 at p. 9] which the Debtor claims are exempt as tenants by the entireties [ECF 1 at p. 15].

WHEREAS, Cordell Funding, LLLP ("Cordell"), a creditor in this action, has filed an objection to exemptions [ECF 70] in which Cordell challenges the Debtor's tenancy by the entireties exemption in the Seacoast Accounts.

1

**EXHIBIT "A"**

WHEREAS, within 90 days of the Petition Date, Patricia DeSantis transferred the sum of $12,828 from one of the Seacoast Accounts to an account solely in her name, which transfer the Trustee believes may be avoidable under 11 U.S.C. §§ 547 or 548, depending on the circumstances (the "Potential Avoidance"). Patricia DeSantis denies that this transfer is avoidable under any theory.

WHEREAS, the Debtor has disclosed a 40% interest in Law Star, LLC [ECF 1 at p. 12] which he claims as wholly exempt as tenants by the entirety [ECF 1 at p. 17]. Law Star, LLC's only asset is an office building encumbered by a refinanced purchase-money mortgage which is set to be sold to a third party with no more than $69,985.94 available after the closing to Law Star, LLC.

WHEREAS, both the Trustee and Cordell have filed objections to the exemption the Debtor claims in Law Star, LLC is exempt as tenants by the entirety [ECF 61, 70].

WHEREAS, at some time in the past, Law Star, LLC made a $580,000 distribution to the Debtor, which the Debtor deposited into a joint account, and Patricia DeSantis which the Trustee believes may be an avoidable transfer under 11 U.S.C. §§ 548 (the "Potential Law Star Avoidance"). The Debtor and Patricia DeSantis deny that this transfer is avoidable under any theory.

WHEREAS, the Parties seek to resolve these issues amicably.

## AGREEMENT

NOW, THEREFORE, in light of the foregoing, and in consideration of the mutual promises and covenants of the Parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The above recitals are true and correct and are incorporated herein.

2. <u>Consideration to the Trustee</u>: The Debtor and Patricia DeSantis shall pay to the Trustee the total sum of $35,000 in complete satisfaction of any and all claims (except the Trustee's claims and rights with respect to CDSJ, LLC, the law firm of DeSantis, Gaskill, Smith & Shenkman, P.A., including an ownership interest in same, and, the Debtor's personal injury cause of action with respect to Susan Vario that is currently being pursued as an estate asset), including but not limited to: (i) the Debtor's interest in the Seacoast Accounts; (ii) the Potential

2

Avoidance; (iii) the Debtor's interest in Law Star, LLC; and (iv) the Potential Law Star Avoidance. The Debtor and Patricia DeSantis will pay the $35,000 to the Trustee within ten (10) calendar days of the date the Court's Order approving this Stipulation becomes final. The Debtor and Patricia DeSantis shall cause a check to be payable to "Michael R. Bakst, as Trustee in Bankruptcy for Conrad DeSantis" and deliver such check to Michael R. Bakst, Esq., City Place Tower, 525 Okeechobee Blvd., Suite 900, West Palm Beach, FL 33401. The Debtor shall assist in all reasonable manner CDSJ, LLC turning over the Debtor's non-exempt portion of the balance in the CDSJ, LLC Seacoast Bank account, which is estimated at $16,763.67, to the Trustee (which is the non-exempt interest of the Debtor in CDJS, LLC) which the Parties will try to accomplish within ten (10) days of the date of this Stipulation.

3. <u>Consideration to the Debtor and Patricia DeSantis</u>: The Order approving this Stipulation shall provide that upon the Trustee's receipt of the total sum of $35,000, the Trustee and the Bankruptcy Estate release the Debtor and Patricia DeSantis for all claims and causes of action of any and all kind.

4. Upon the execution of this Stipulation, the Trustee shall file a motion to approve this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure with the Bankruptcy Court in the above referenced matter.

5. The Parties are aware that this Stipulation must be noticed to all creditors and must be approved by the Bankruptcy Court. Upon the Court approving this Stipulation, the Parties will ask the Bankruptcy Court to enter an Order approving it and reserving jurisdiction to enforce this Stipulation. In the event that this Stipulation is not approved, it shall be deemed null and void.

## NO OTHER AGREEMENTS; MODIFICATION

6. This Stipulation contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth herein. This Stipulation may be altered, amended, or modified only by an instrument in writing, executed by the Parties, with the same formality as this Stipulation, and by no other means. Each party waives any right to claim that this Stipulation was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

## APPLICABLE LAW

7. All matters affecting the execution, interpretation, validity, and enforceability of this Stipulation shall be subject to, and interpreted under, Federal Bankruptcy Law, as well as the laws of the State of Florida to whatever extent Bankruptcy Law relies upon state law.

## NO PRESUMPTIONS ARISING FROM DRAFTING

8. The fact that any draft of this Stipulation was prepared by counsel for one of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against that party. The Parties acknowledge that each has contributed toward the drafting of this Stipulation, and that it is the result of negotiations between the Parties.

## WAIVERS

9. The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

## ADDITIONAL ACKNOWLEDGMENTS AND UNDERSTANDINGS

10. The Parties acknowledge that each fully understands all of the terms and obligations of this Stipulation, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

11. The Parties enter into this Stipulation freely and voluntarily. Neither of the Parties have been the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

12. The Parties acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Stipulation, and they are also aware of what their rights would be in the absence of this Stipulation.

13. This Stipulation shall be binding upon the Parties hereto and shall also be binding upon and enure to the benefit of the heirs and successors of the respective Parties.

14. This Stipulation may be executed in two or more counterparts, including scanned email counterparts, none of which need contain signatures of all of the Parties, each of which

will constitute an original, and all of which, taken together, shall constitute one and the same stipulation.

15. The date of this Stipulation is the date on which the last of the parties executes a copy of it.

## CAPTIONS

16. The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text, or intended to be referred to in construing any provision of it.

## INCORPORATION OF RECITALS

17. The recitals to this Stipulation are incorporated and accepted and agreed to by the Parties as though fully set forth in its body. The fact that a particular provision of the body of this Stipulation is not mentioned in the recitals shall not affect the validity or enforceability of such provision. The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the Parties and any other party bound by this Stipulation.

## NOTICES

18. Any notices required by this Stipulation must be given either in writing by email to the parties as follows:

To the Trustee:
G. Steven Fender, Esq.
200 E. Broward Blvd., Ste. 1800
Ft. Lauderdale, FL 33301
steven.fender@gmlaw.com

To the Debtor and Patricia DeSantis:
Marc P. Barmat, Esq.
2255 Glades Rd., Ste. 337W
Boca Raton, FL 33431
mbarmat@furrcohen.com

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this settlement agreement on the date specified below.

|  |  |
|---|---|
|  | MICHAEL R. BAKST, AS TRUSTEE IN BANKRUPTCY FOR CONRAD J. DESANTIS |
| Date: October 14, 2016 | By: _____<br>Michael R. Bakst, Trustee |

|  |  |
|---|---|
|  | G. STEVEN FENDER, ESQ., AS COUNSEL FOR THE TRUSTEE |
| Date: October 14, 2016 | By: _____<br>G. Steven Fender, Esq.<br>Florida Bar No.: 060992<br>200 E. Broward Blvd., Ste. 1800<br>Ft. Lauderdale, FL 33301<br>Telephone: (561) 838-4543<br>Facsimile: (561) 514-3443<br>E-mail: steven.fender@gmlaw.com<br>*Attorneys for Trustee* |

|  |  |
|---|---|
|  | MARC P. BARMAT ESQ., AS COUNSEL FOR THE DEBTOR |
| Date: October 14, 2016 | By: _____<br>Marc P. Barmat, Esq.<br>Florida Bar No.: 022365<br>Furr & Cohen, P.A.<br>2255 Glades Rd., Ste. 337W<br>Boca Raton, FL 33432<br>Telephone: (561) 417-1567<br>Facsimile: (561) 338-7532<br>E-Mail: mbarmat@furrcohen.com<br>Counsel for the *Debtor* |

Date: October 14th, 2016      _____
                              Conrad J. DeSantis

Date: October 14th, 2016      _____
                              Patricia DeSantis

# PROPOSED

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

In re:                                              CASE NO.: 15-31017-BKC-PGH
                                                    Chapter 7
CONRAD J. DeSANTIS,

       Debtor.

_____/

### ORDER GRANTING MOTION TO COMPROMISE CONTROVERSIES

THIS MATTER having come before the Court in West Palm Beach, Florida, upon the Trustee's Motion to Compromise Controversies between the Trustee, the Debtor Conrad J. DeSantis (the "Debtor"), and Patricia DeSantis (the "Motion.") [ECF __]. The Court, having received the Trustee's Certificate of No Response, the Court having noted that the Trustee has complied with Local Rule 9013-1(D), the Court having noted that no objections have been timely served or filed to the stipulation and Motion, and the Court being otherwise fully advised in the premises it is,

**ORDERED AND ADJUDGED** as follows:

1.    The Motion is **GRANTED.**

1

EXHIBIT "B"

2. The Court hereby approves the Stipulation between the Trustee, the Debtor, and Patricia DeSantis. The Court finds that the Stipulation is in the best interest of the creditors and the estate. The Stipulation's terms are incorporated by reference in this Order.

3. The Court finds that all creditors have been duly and properly noticed of the Motion, the Stipulation, and the proposed settlement.

4. The Debtor and Patricia DeSantis shall pay to the Trustee the sum of $35,000 in complete satisfaction of any and all claims[1], within ten (10) calendar days of the date of this Order becoming final and non-appealable. Upon the Trustee's receipt of the $35,000 (and clearing the Trustee's bank if not paid with certified funds), any and all claims and causes of action of any and all kind of the Trustee and the estate against the Debtor and/or Patricia DeSantis shall be deemed waived, released and satisfied.

5. The Debtor shall assist in all reasonable manner CDSJ, LLC turning over to the Trustee the Debtor's non-exempt portion of the balance in the CDSJ, LLC Seacoast Bank account, which is estimated at $16,673.67. The parties will try to accomplish the turnover of the funds within 10 days of the execution of the Stipulation.

6. The Court reserves jurisdiction over the parties and over the cause for the purposes of enforcing the terms and covenants contained within the Stipulation.

####

Submitted by:
G. Steven Fender, Esq.
200 E. Broward Blvd. Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (561) 838-4509
Email: steven.fender@gmlaw.com

**[G. Steven Fender, Esq., is directed to serve copies of this order on the parties listed below and to file a certificate of service with the Court.]**

<u>Electronic Mail Notice List</u>

- Alejandro R Alvarez    aalvarez@piedralaw.com, gkelly@piedralaw.com

---

[1] Pursuant to paragraph 2 of the Stipulation to Compromise Controversies, the Trustee retains his claims and rights with respect to CDSJ, LLC, the law firm of DeSantis, Gaskill, Smith & Shenkman, P.A., including an ownership interest in same, and, the Debtor's personal injury cause of action with respect to Susan Vario that is currently being pursued as an estate asset.

2

- Michael R Bakst    efilemrb@gmlaw.com, FL65@ecfcbis.com;efileu1084@gmlaw.com;efileu1087@gmlaw.com;efileu1085@gmlaw.com;efileu1729@gmlaw.com
- Michael R. Bakst    efileu1094@gmlaw.com, FL65@ecfcbis.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;efileu1733@gmlaw.com;melissa.bird@gmlaw.com
- G Steven Fender    efileu1113@gmlaw.com, efileu1094@gmlaw.com;efileu1092@gmlaw.com;leslie.marder@gmlaw.com;efileu1435@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;gregory.stolzberg@gmlaw.com
- Robert C Furr    bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- John E Page    jpage@sfl-pa.com, scusack@sfl-pa.com;lrosettoparr@sfl-pa.com;dwoodall@sfl-pa.com;bshraibergecfmail@gmail.com;scusacksfl@gmail.com
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;lrosettoparr@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com;bshraibergecfmail@gmail.com;ematteo@sfl-pa.com

**Manual Notice List**

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

Conrad J. DeSantis
1125 Country Club Drive
North Palm Beach, FL 33408

**All Matrix Creditors**

3