**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                              Case No.: 15-31017-PGH

**CONRAD J. DESANTIS,**                              Chapter 7

      Debtor.

_____/

**MICHAEL R. BAKST, as**                            Adv. Case No.: _____
**Trustee in Bankruptcy for**
**CONRAD J. DESANTIS,**

      Plaintiff,

v.

**DESANTIS, GASKILL, SMITH &**
**SHENKMAN, P.A., a Florida Professional**
**Services Corporation,**
**TIMOTHY W. GASKILL,**
**DONALD R. SMITH, and**
**CURTIS L. SHENKMAN,**

      Defendants.

_____/

**COMPLAINT FOR DECLARATORY RELIEF, FOR TURNOVER,**
**FOR AN ACCOUNTING, FOR JUDICIAL DISSOLUTION OF**
**A FLORIDA PROFESSIONAL SERVICE CORPORATION, AND**
**TO AVOID AND TO RECOVER FRAUDULENT CONVEYANCES**

      Michael R. Bakst (the "Plaintiff" or the "Trustee"), as Trustee in Bankruptcy for Conrad J.

DeSantis (the "Debtor"), through undersigned counsel, files his Complaint for Declaratory Relief, for

Turnover, for an Accounting, for Judicial Dissolution of a Florida Professional Service Corporation,

and to Avoid and to Recover Fraudulent Conveyances against Defendants DeSantis, Gaskill, Smith

& Shenkman, P.A., Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman, and alleges:

      1.      The Trustee's adversary proceeding is for declaratory relief pursuant to Fed. R. Bank.

P. 7001(9) to have the Court determine what percentage interest he owns in a law firm and its prior revenues pursuant to Fed. R. Bankr. P. 7001(1), for turnover of the Debtor's 37% interest in the law firm's assets, including its prior revenues, and all such related property and other material pursuant to 11 U.S.C. § 542, for an accounting, for a judicial dissolution of Defendant DeSantis, Gaskill, Smith & Shenkman, P.A., a Florida professional service corporation, pursuant to Fla. Stat. §§ 607.1430, 607.1432, 607.1434, and 621.13(1), and to avoid and to recover fraudulent conveyances against Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman pursuant to 11 U.S.C. §§ 548 and 550.

2.      On November 30, 2015 (the "Petition Date"), the Debtor filed this voluntary chapter 7 proceeding in which the Trustee is duly appointed as the chapter 7 trustee.

3.      This adversary proceeding arises out of the Debtor's bankruptcy.  The Court accordingly has jurisdiction over this matter under 28 U.S.C. § 1334(b), and 11 U.S.C. §§ 105, 541, 542, and 548.

4.      This is a core proceeding for which the Court is authorized to determine all matters regarding this action in accordance with 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

6.      The Debtor has been licensed to practice law in Florida since 1970, and has for most of his career practiced law out of Palm Beach County, Florida where he resides.

7.      On or about January 3, 1975, the Debtor formed the law firm which is now known as Defendant DeSantis, Gaskill, Smith & Shenkman, P.A. (the "Law Firm").  The Debtor built the Law Firm from the ground up single-handedly for most of his life.  The Debtor has been a leading attorney state-wide for several decades.  Since 1970 and through today, the Debtor has enjoyed a fantastic personal and professional reputation.  The Debtor receives requests for legal representation

and advice several times a month.

8.      As of the Petition Date, the Debtor claimed a 37% interest in the Law Firm.  The Law Firm is a professional service corporation under Fla. Stat. § 621.01 et seq.  As of the Petition Date, the other 63% of the Law Firm was owned by Defendants Timothy W. Gaskill (23%), Donald R. Smith (20%), and Curtis L. Shenkman (20%) who are licensed to practice law in Florida.  All practice law from the Law Firm in Palm Beach County where each also lives.

9.      More than two years before the Petition Date, the Debtor became seriously ill with cancer.  This diagnosis and resulting treatment, along with being in his mid-60s, caused the Debtor to cease being at the office of the Law Firm on a full-time basis.  However, during this time, the Debtor routinely received calls and other requests for legal advice and representation which he either handled himself through the Law Firm or had the Law Firm handle.  The Debtor also maintained professional staff at the Law Firm until the Petition Date.  Through the present date, the Law Firm still bears the Debtor's name, and features his name in its name as the first named-shareholder.  The Law Firm's website still lists the Debtor as an attorney with a photograph and full biography of his legendary accomplishments.  The Debtor has at all time been licensed to practice law in Florida.

10.      When the Debtor ceased being in the office of the Law Firm in a full-time basis, the Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman caused the Law Firm to cease compensating the Debtor in any way, either through salary, distribution, dividends, or otherwise.  During this time, however, the Debtor continued to be a 37% owner of the Law Firm and the Law Firm enjoyed substantial income and revenue from clients and/or work originated by the Debtor or through the Debtor's name and reputation.  The Law Firm, through the Petition Date, continued to reap the benefits of bearing the Debtor's name apart from the matters generated by or referred to the Law Firm by the Debtor.

3

11.     In the two years preceding the Petition Date, and for many years before when the Debtor was not present at the Law Firm on a full-time basis, the Law Firm generated substantial income and revenue.  As a 37% owner of the Law Firm, the Debtor had an interest in 37% of that revenue and income.  Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman, instead caused the Law Firm to transfer 100% of those revenues and income, after payment of overhead of the Law Firm, and including the Debtor's 37% interest in those revenues and income, entirely to Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman for their own benefit.

12.     In December of 2005, the Debtor personally guaranteed a loan in the amount of $3.5 million to North Andros Assets, Ltd. ("NAAL") from Cordell Funding, LLLP ("Cordell") in connection with the development of condominiums in the Bahamas.  The Debtor has an ownership interest in NAAL.  Thereafter, NAAL and the Debtor defaulted on the loan from Cordell.  In April of 2007, Cordell sued the Debtor in Palm Beach County Circuit Court seeking entry of a judgment for millions on his personal guarantee.  This personal guarantee and legal proceeding proved financially catastrophic to the Debtor.  The Debtor spent more than $1 million in exempt assets fight the case, but ultimately lost when a judgment in the principal sum of $2.5 million was entered against him in July of 2015 in favor of Cordell.  From the date the Debtor signed the guarantee and through the Petition Date, the Debtor was insolvent.  The Debtor's non-exempt assets at all times amounted to no more than modest personal clothing and two cars worth no more than $40,000, against a contingent liability of more than $2 million, which was ultimately liquated as $2.5 million.  The risk of loss on a personal guarantee, while contingent, is always close to 100% and certainly was in this case.  The Debtor was only able to pay his bills from exempt entireties or retirement accounts during the pendency of the legal action by Cordell.  The Debtor's wife paid other bills from her separate

accounts in which the Debtor had no interest.  The entry of this judgment caused the Debtor to file his chapter 7 bankruptcy.

13.     The Trustee maintains that the Debtor had an interest 37% of the revenues and income of the Law Firm in the two years leading up to the Petition Date, at all times beforehand after the Law Firm stopped compensating him, and further has a 37% interest in the Law Firm's current assets.  The Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman, and the Law Firm, maintain that the Debtor has had no interest in the Law Firm or its revenues and income since the time when the Debtor ceased being present at the Law Firm on a daily basis.

14.     The Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman, and the Law Firm, have resisted providing the Trustee with any meaningful financial information concerning the Law Firm.  They take months to respond to basic requests and then provide incomplete, and at times misleading, documents and information.  They often pretend not to understand requests but take months and require multiple inquiries before claiming they do not understand what the Trustee wants, or make a partial and misleading production and claim that is all that exists.  In other instances, they state they will provide requested information, and then fail to do so, forcing the Trustee to issue a subpoena.  A subpoena should not be required for the Trustee to obtain financial information in the Law Firm when the Debtor claims a 37% interest therein as of the Petition Date.

15.     To date, despite more than six months of requests, the Trustee has still not been able to obtain the financial information and documents necessary to determine the sums he believes are owed to the Debtor and accordingly to the Trustee and the estate.  The Defendants have simply ignored him and failed to make any reasonable arrangement for the Debtor's interest in the Law Firm to be resolved.

## COUNT I-DECLARATORY RELIEF

16.    This count seeks a declaratory judgment from the Court pursuant to Fed. R. Bank. P. 7001(9) to determine the Debtor's interest in the Law Firm's prior revenues and income, and current assets, that are accordingly property of the estate under 11 U.S.C. § 541.

17.    Rule 7001(9) provides in relevant part that "[t]he following are adversary proceeding . . . (9) a proceeding to obtain a declaratory judgment regarding any of the foregoing."  Rule 7001(1) provides that the Trustee may bring "a proceeding to recover money or property[]."  The Bankruptcy Code, 11 U.S.C. §  541(a)(1), defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case."

18.    The Trustee believes that he has a present 37% interest in the Law Firm and its current assets of any kind.  The Trustee also believes that the Debtor has in all times prior to the Petition Date back to when the Law Firm stopped compensating the Debtor, the Debtor had a 37% interest in the Law Firm and all of its assets, including its income and revenue.  The Defendants contend that the Debtor ceased having any interest in the Law Firm, or its assets, income, and revenue, when he ceased being present at the Law Firm's offices on a daily basis.  Accordingly, a real, present, and substantial controversy exists between the Trustee and the Defendants as to what interest the Trustee has in the present assets of the Law Firm, and all prior revenue and income dating back to when the Law Firm stopped compensating the Debtor.

19.    The Trustee requests that the Court determine the amount of the Law Firm's prior income and revenues belong to the Debtor and therefore to the Trustee.  The Trustee also requests the Court to determine the portion of the Law Firm's current assets belong to the Debtor and therefore to the Trustee.  The Trustee asks that both be declared property of the estate under 11 U.S.C. § 541.

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for Conrad J. DeSantis, requests that this Court enter judgment in his favor and against Defendants DeSantis, Gaskill, Smith & Shenkman, P.A., Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman, declaring what assets of the Law Firm are owned by the Trustee based on the Debtor's ownership as of the Petition Date and are therefore property of the estate under 11 U.S.C. § 541, and declaring what portion of the Law Firm's prior revenues and income belong to the Trustee based on the Debtor's interest therein, and any and all other relief the Court deems just and proper.

## COUNT II – TURNOVER

20.    The Trustee incorporates by reference as if set forth herein the allegations in paragraphs 1-15 above.

21.    This count seeks turnover of the Trustee's interest in the Law Firm, as determined in Count I, and all associated past or present assets, personal property, and paper and electronic business records of the Law Firm.  Section 542 of title 11 provides in relevant part that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease . . . shall deliver to the trustee, and account for, such property or the value of such property . . . ."

22.    Count I requests that the Court determine exactly how much of the Law Firm's current assets belong to the Debtor, and accordingly, to the Trustee, and the portions of the Law Firm's prior revenues and income belong to the Debtor that were not paid over to him or used for his benefit.  The Trustee requests that the Law Firm turn over to him that sum which equals its current assets which belong to the Debtor *and* that portion of the Law Firm's prior revenues and income that belong to the Debtor that were not paid over time him or used for his benefit.

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for Conrad J.

DeSantis, requests that this Court enter judgment in his favor and against Defendants DeSantis, Gaskill, Smith & Shenkman, P.A., Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman, ordering that the assets, personal property, business records and all paper and electronic records of the Law Firm are property of the estate based on its assets as of the Petition Date and the sum of its prior revenues and incomes that were the Debtor's determined in Count I, are turned over to the Trustee under 11 U.S.C. § 542, and that the Court grant other relief the Court deems just and proper.

## COUNT III – ACCOUNTING

23.     The Trustee incorporates by reference as if set forth herein the allegations in paragraphs 1-15 above.

24.     The Trustee seeks entry of an Order against each Defendant requiring them to provide a sworn accounting of:

a.      all money, property, or other assets of the Law Firm transferred or provided to any third party or for the benefit of any other person or entity since the Petition Date;

b.      all money, property, or other assets received by the Law Firm from the date it ceased to pay or to compensate the Debtor; and

c.      all money, property, or other assets received by each of the Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman from the Law Firm since the Law Firm ceased to pay or to compensate the Debtor.

WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for Conrad J. DeSantis, requests that this Court enter judgment in his favor and against Defendants DeSantis, Gaskill, Smith & Shenkman, P.A., Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman, requiring them to provide to him an accounting as set forth above, and such other relief as the Court deems just and proper.

## COUNT IV – JUDICIAL DISSOLUTION OF THE LAW FIRM

25.     The Trustee incorporates by reference as if set forth herein the allegations in paragraphs 1-15 above.

26.     This count seeks a judicial dissolution of the Law Firm, and the appointment of a receiver pendente lite.  The parties who have an interest in the dissolution of the Law Firm apart from the Trustee are Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman, its other shareholders.  The Trustee is not aware of any secured creditor of the Law Firm or of any other person or entity with an interest apart from those who are defendants in this action.

27.     The Law Firm is a Florida professional service corporation formed and existing under Florida Statute Chapter 621.  Fla. Stat. § 621.13(1) ("Applicability of chapters 607 and 608") provides in relevant part that "Chapter 607 is applicable to a corporation organized pursuant to this act . . . ."  Fla. Stat. § 607.1430 ("Grounds for judicial dissolution") permits a judicial dissolution in the following instances:

> (2) In a proceeding by a shareholder if it is established that:
> (a) The directors are deadlocked in the management of the corporate affairs,
> the shareholders are unable to break the deadlock, and irreparable injury to
> the corporation is threatened or being suffered[.]  [or]
> . . .
> (3) In a proceeding by a shareholder or group of shareholders in a corporation
> having 35 or fewer shareholders if it is established that:
> (a) The corporate assets are being misapplied or wasted, causing material
> injury to the corporation[.]

28.     Pursuant to § 607.1430(2)(a), the Trustee is a shareholder and director of the Law Firm.  The Trustee and Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman are deadlocked in the management of the Law Firm's affairs and are unable to break the deadlock.  As a result, irreparable injury to the Law Firm is threatened or being suffered.  The Law Firm's assets are primarily liquid receivables that Defendants Timothy W. Gaskill, Donald R. Smith, and

Curtis L. Shenkman are using, upon receipt, to pay the Law Firm's overhead and then distribute the entire remaining collections to themselves, with nothing to the Trustee on account of the Debtor's 37% interest and with nothing held back in the Law Firm. Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman have been engaging in this practice for several years, which has left the Law Firm with substantially no liquid assets, or assets of any kind, and no net worth in which to pay the Trustee for the Debtor's 37% interest in the Law Firm, past or present. Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman have caused the Law Firm to be and to remain inadequately capitalized and insolvent in order to claim no funds exist to pay the Trustee on account of the Debtor's 37% interest, although the Debtor built the Law Firm single-handedly from the ground up starting in 1975, and has through the Petition Date generated substantial revenue for the Law Firm for which he has never been compensated. The Law Firm has also used, and continues to use, the Debtor's name and likeness on its website to market itself and obtain clients and cases through the date of the filing of this action. The Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman will not provide all the information the Trustee has requested or offer to pay any reasonable sum, are just ignoring and "deadbeating" the Trustee while they continue to take all the cash, revenues, and income out of the Law Firm for their own benefit.

29.     For these reasons, a deadlock exists as to how the Law Firm's management of its assets will be liquidated and handled. A disinterested fiduciary needs to oversee and manage the Law Firm's receipt and handling of cash from its receivables, which are its primary assets. Therefore, a judicial dissolution is needed. Without judicial intervention, the Law Firm's assets will be paid over to Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman indefinitely which is cause irreparable damage to the Trustee and the estate.

30.     Pursuant to § 607.1430(3)(a), the Trustee is a shareholder of the Law Firm which has

10

less than 35 shareholders.  The Law Firm's assets are being misapplied or wasted, causing material

harm to the Law Firm.  The Law Firm's assets are largely receivables and on-going cases over which

the Trustee has no control.  No one is supervising or monitoring the collection of receivables of the

Law Firm on behalf of its 37% owner, the Debtor, whose interest now belongs to the Trustee.  No

one has been able (or willing) to provide complete financial information on the Law Firm's

receivables and other assets and property despite months of attempts.  Absent a judicial dissolution,

the Law Firm may lose the value of its receivables and other assets, all affecting its net worth,

through misapplication or waste, which will cause material harm to the Law Firm and the Trustee.

Defendants Timothy W. Gaskill, Donald R. Smith, and Curtis L. Shenkman are operating the Law

Firm for their own personal benefit without any regard to the Trustee's 37% interest.  They are taking

all of the assets and value out of the Law Firm monthly despite the knowledge of the Trustee's

interests.

       31.    Fla. Stat. § 607.1430 provides that judicial dissolution is undertaken under Fla. Stat. §

607.1434, which empowers the Court to appoint "a receiver pendente lite" under Fla. Stat. §

607.1432.  Section 607.1432 permits a receiver to wind down, liquidate, dispose of, manage, and sell

any and all assets of a corporation, among other powers.  The Trustee believes the best way to

accomplish this judicial dissolution is by the Court appointing a receiver to do so.

       32.    For these reason, the Court should judicially dissolve the Law Firm pursuant to Fla.

Stat. § 607.1430, and appoint a receiver pursuant to Fla. Stat. § 607.1434 to engage in all activities

permitted by Fla. Stat. § 607.1432.

       WHEREFORE the Plaintiff Michael R. Bakst, as Trustee in Bankruptcy for Conrad J.

DeSantis, requests that this Court judicially dissolve DeSantis, Gaskill, Smith & Shenkman, P.A.,

pursuant to Fla. Stat. § 607.1430 by appointing a receiver pursuant to Fla. Stat. § 607.1434 to take all

actions permitted by Fla. Stat. § 607.1432, and such other relief as the Court deems just and proper.

## COUNT V (CONSTRUCTIVE FRAUD)
## AVOIDANCE AND RECOVERY OF TWO-YEAR FRAUDULENT CONVEYANCES
## UNDER 11 U.S.C. §§ 548(a)(1)(B) AND 550

33.    Paragraphs 1 through 15 inclusive are realleged and incorporated herein by reference.

34.    The Trustee seeks to recover constructively fraudulent two-year transfers from Defendant Timothy W. Gaskill pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

35.    Within two years prior to the Petition Date, the Law Firm transferred $188,008 (the "Gaskill Two Year Transfers") in which the Debtor had an interest to Timothy W. Gaskill for Timothy W. Gaskill's benefit.

36.    The Debtor received less than a reasonably equivalent value in exchange for the Gaskill Two Year Transfers.

37.    At the time of the Gaskill Two Year Transfers, the Debtor was insolvent or became insolvent as a result thereof, the Debtor was engaged in a business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital, and/or the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

38.    Section 548(a)(1)(B) provides that:

(1)  The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under any employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily-
(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
(II) was engaged in business or a transaction, or was about to engage in business or a

12

transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment agreement and not in the ordinary course of business.

39.     The Gaskill Two Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

40.     Pursuant to 11 U.S.C. §550(a), the recovery of property for the benefit of the estate is authorized to the extent that the Gaskill Two Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(B).

WHEREFORE the Plaintiff/Trustee Michael R. Bakst, as Trustee in Bankruptcy for Conrad J. DeSantis, demands judgment against the Defendant Timothy W. Gaskill as follows: (i) determining that the Gaskill Two Year Transfers are fraudulent and avoidable pursuant to 11 U.S.C. §548(a)(1)(B); (ii) avoiding the Gaskill Two Year Transfers and entering judgment in favor of the Trustee against Timothy W. Gaskill for the sum of the Gaskill Two Year Transfers pursuant to 11 U.S.C. § 550, plus pre-judgment interest from the date of the transfer, post-judgment interest and costs of suit; and (iii) for such other relief as the Court deems just and proper.

## COUNT VI (CONSTRUCTIVE FRAUD)
## AVOIDANCE AND RECOVERY OF TWO-YEAR FRAUDULENT CONVEYANCES
## UNDER 11 U.S.C. §§ 548(a)(1)(B) AND 550

41.     Paragraphs 1 through 15 inclusive are realleged and incorporated herein by reference.

42.     The Trustee seeks to recover constructively fraudulent two-year transfers from Defendant Donald R. Smith pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

43.     Within two years prior to the Petition Date, the Law Firm transferred $972,466 (the "Smith Two Year Transfers") in which the Debtor had an interest to Donald R. Smith for Donald R. Smith's benefit.

44.  The Debtor received less than a reasonably equivalent value in exchange for the Smith Two Year Transfers.

45.  At the time of the Smith Two Year Transfers, the Debtor was insolvent or became insolvent as a result thereof, the Debtor was engaged in a business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital, and/or the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

46.  Section 548(a)(1)(B) provides that:

(1)  The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under any employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily-
(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment agreement and not in the ordinary course of business.

47.  The Smith Two Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

48.  Pursuant to 11 U.S.C. §550(a), the recovery of property for the benefit of the estate is authorized to the extent that the Smith Two Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(B).

WHEREFORE the Plaintiff/Trustee Michael R. Bakst, as Trustee in Bankruptcy for Conrad

J. DeSantis, demands judgment against the Defendant Donald R. Smith as follows: (i) determining that the Smith Two Year Transfers are fraudulent and avoidable pursuant to 11 U.S.C. §548(a)(1)(B); (ii) avoiding the Smith Two Year Transfers and entering judgment in favor of the Trustee against Donald R. Smith for the sum of the Smith Two Year Transfers pursuant to 11 U.S.C. § 550, plus pre-judgment interest from the date of the transfer, post-judgment interest and costs of suit; and (iii) for such other relief as the Court deems just and proper.

### COUNT VII (CONSTRUCTIVE FRAUD)
### AVOIDANCE AND RECOVERY OF TWO-YEAR FRAUDULENT CONVEYANCES
### UNDER 11 U.S.C. §§ 548(a)(1)(B) AND 550

49.     Paragraphs 1 through 15 inclusive are realleged and incorporated herein by reference.

50.     The Trustee seeks to recover constructively fraudulent two-year transfers from Defendant Curtis L. Shenkman pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

51.     Within two years prior to the Petition Date, the Law Firm transferred $323,070 (the "Shenkman Two Year Transfers") in which the Debtor had an interest to Curtis L. Shenkman for Curtis L. Shenkman's benefit.

52.     The Debtor received less than a reasonably equivalent value in exchange for the Shenkman Two Year Transfers.

53.     At the time of the Shenkman Two Year Transfers, the Debtor was insolvent or became insolvent as a result thereof, the Debtor was engaged in a business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital, and/or the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

54.     Section 548(a)(1)(B) provides that:

(1)  The trustee may avoid any transfer (including any transfer to or for the benefit of

an insider under any employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily-

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment agreement and not in the ordinary course of business.

55.     The Shenkman Two Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

56.     Pursuant to 11 U.S.C. §550(a), the recovery of property for the benefit of the estate is authorized to the extent that the Shenkman Two Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(B).

WHEREFORE the Plaintiff/Trustee Michael R. Bakst, as Trustee in Bankruptcy for Conrad J. DeSantis, demands judgment against the Defendant Curtis L. Shenkman as follows: (i) determining that the Shenkman Two Year Transfers are fraudulent and avoidable pursuant to 11 U.S.C. §548(a)(1)(B); (ii) avoiding the Shenkman Two Year Transfers and entering judgment in favor of the Trustee against Curtis L. Shenkman for the sum of the Shenkman Two Year Transfers pursuant to 11 U.S.C. § 550, plus pre-judgment interest from the date of the transfer, post-judgment interest and costs of suit; and (iii) for such other relief as the Court deems just and proper.

## COUNT VIII-RECOVERY OF AVOIDED TRANSFERS
## PURSUANT TO II U.S.C. § 550

57.     Paragraphs 1 through 15 inclusive are realleged and incorporated herein by reference.

16

58.     The transfers alleged in the preceding counts have been, will be, or are subject to being avoided and/or recovered by the United States Bankruptcy Court for the Southern District of Florida as set forth in this adversary proceeding.

59.     As a result, the Trustee may recover the amount or value of the transfer received by each defendant pursuant to 11 U.S.C. § 550.

WHEREFORE the Plaintiff/Trustee Michael R. Bakst, as Trustee in Bankruptcy for Conrad J. DeSantis, demands judgment against each defendant for the amounts of the transfers to each in the counts set forth above, pursuant to 11 U.S.C. § 550, plus pre-judgment interest from the date of each of the transfer, post-judgment interest and costs of suit and for such other relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted this 8th day of December, 2016.

**GREENSPOON MARDER, P.A.**

 /s/ G. Steven Fender
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
Attorneys for Plaintiff/Trustee
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Telephone: (561) 838-4509
Facsimile: (561) 514-3409
Email: steven.fender@gmlaw.com

17

DeSantis, Gaskill, Smith & Shenkman, P.A.
c/o Registered Agent Timothy W. Gaskill
11891 US Highway One
Suite 100
North Palm Beach, FL 33408

Timothy W. Gaskill
2610 Bordeaux Ct.
Palm Beach Gardens, FL 33410

Donald R. Smith
11891 US Highway One
Suite 100
North Palm Beach, FL 33408

Curtis L. Shenkman
123 Sunset Bay Drive
Palm Beach Gardens, FL  33418